Michael P. GEORGES,
Plaintiff, Appellant,

v.

Thomas M. QUINN, etc.,
Defendant, Appellees.

Michael P. GEORGES,
Plaintiff, Appellant,

v.

Daniel N. DIGIANDOMENICO, et al.,
Defendants, Appellees.

Nos. 87–1898, 87–1904.

United States Court of Appeals,
First Circuit.

Heard April 8, 1988.

Decided July 25, 1988.

Michael P. Georges, pro se.

Gary R. Allen, Robert S. Pomerance, Kenneth W. Rosenberg, Tax Division, Dept. of Justice, Washington, D.C., Frank

J. McNamara, Jr., U.S. Atty., Boston, Mass., and William S. Rose, Jr., Asst. Atty. Gen., Washington, D.C., *on brief for defendants, appellees.*

Before CAMPBELL, Chief Judge, and BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Michael Georges appeals from the district court's disposition of two complaints which he filed in yet another attempt to attack the Internal Revenue Service's (IRS) collection of his tax liability for the years 1977 through 1982. With respect to each complaint, the appellees filed a motion to dismiss and/or for summary judgment. The court allowed those motions for the reasons stated in appellees' supporting memoranda. In light of the court's stated reliance on affidavits, we treat the disposition as a grant of summary judgment in favor of appellees. *See* Fed.R.Civ.P. 12(b). The cases have been consolidated on appeal. We affirm the district court's decision.

■ The first complaint was entitled "Complaint to Compel Compliance with Statutory Provisions," the focus of which was to compel the IRS to use appellant's delinquently-filed tax returns in place of the substitute returns which were created and used by the IRS in assessing appellant's tax deficiency pursuant to 26 U.S.C. § 6020(b). These substitute returns were created as a result of appellant's failure to file his own timely returns. Appellant's complaint was treated by the district court in the nature of a mandamus pursuant to 28 U.S.C. § 1361, since it sought to compel employees of the IRS to do certain acts. While we entirely agree with the district court's conclusion that appellant did not show that he was entitled to mandamus relief, we do not agree that sovereign immunity necessarily acts as a bar to an action in which government officials are sued in an effort to compel them to perform ministerial duties imposed on them by law which they have wrongfully neglected or refused to perform. *E.g., Minnesota v. Hitchcock,* 185 U.S. 373, 386, 22 S.Ct. 650,

655, 46 L.Ed. 954 (1902); *Vishnevsky v. United States,* 581 F.2d 1249, 1255 (7th Cir.1978); 28 U.S.C. § 1361. Contrary to the general argument raised by appellees' supporting memorandum, such a suit need not be interpreted as one against the United States, requiring its consent. The Supreme Court has affirmed the appropriateness of mandamus relief which compelled federal officers to pay money out of the federal treasury where there was a clear and ministerial duty to do so. *Vishnevsky, supra* at 1256 (citations omitted). To hold otherwise would, we think, undermine the purpose of § 1361, which bestows on the district court original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff."

■ However, for appellant to qualify for mandamus relief under § 1361, he would have to show that he has a clear right to the relief sought, has no other adequate remedy, and that there is a clearly defined and peremptory duty on the part of the defendants, here the appellees, to do the act in question. *See, e.g., Cervoni v. Secretary of Health, Education and Welfare,* 581 F.2d 1010, 1019 (1st Cir.1978); *Vishnevsky, supra* at 1253. Appellees have addressed the acts which appellant seeks to compel, arguing that none of these satisfy the requirements for mandamus relief. In support of this position, appellees, citing relevant sections of the Internal Revenue Code, outline the statutory procedure for dealing with unfiled, or delinquently filed tax returns, which was followed in the instant case. We will not reiterate this procedure, but merely note that, having failed to file timely returns, appellant cannot now expect the court to compel the IRS to replace the substitute returns which it was authorized to create and use under 26 U.S.C. § 6020, with the untimely returns filed by appellant showing, ironically, little or no tax due. Appellant has set forth no specific facts in opposition to appellees' motion to dismiss and/or for summary judgment showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56. Appellant

has not raised any dispute as to whether proper procedure was followed by the IRS or that there was any clear or peremptory duty owed him which was not performed. What *is* clear is that appellant, having realized the seriousness of his neglect, wants to turn back the clock so that he can file timely returns and avoid the consequences of non-filing. The appellant now has an adequate remedy at law, which is a suit for refund.

Appellant's second complaint, entitled "Complaint for Money Damages for Malicious Abuse of IRS Power" seeks to obtain monetary damages from the IRS employees who were involved in assessing and collecting appellant's unpaid taxes. As we noted above, the district court allowed defendant/appellees' motion to dismiss and/or for summary judgment, which we treat as a grant of summary judgment in light of the court's acknowledged reliance on affidavits.

■ The substance of appellant's complaint is that each of the appellees violated appellant's constitutional rights under the Fifth Amendment. He asserts that appellees maliciously proceeded to collect taxes owed according to the substitute returns created under 26 U.S.C. § 6020 despite the fact that appellant's late-filed returns showed that no tax was due. Appellees' memorandum and affidavits in support of their motion set forth the specific procedure followed by each appellee, supported by statutory authority substantiating the justification for these procedures. Appellant, on the other hand, has conclusorily alleged in his complaint that appellees behaved in a manner that was illegal, malicous, fraudulent, false, reckless, and tortious. He does not allege any specific facts in support of these allegations other than facts which clearly show that appellees were performing their duties pursuant to statutory authority. A party opposing summary judgment may not rest upon the mere allegations or denials of that party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Appellant's opposition has raised no issue of material fact regarding the propri-

ety of appellees' conduct or the appropriateness of their collection procedures. Because appellant has not obtained the desired result and is unhappy with the consequences of his actions in this case, he cannot summarily assert that appellees' violated his constitutional or any other rights by performing their legitimate duties under the tax code.

For the foregoing reasons, the decisions of the district court granting summary judgment are hereby affirmed.