

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2006

# Martin v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1733

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Martin v. USA" (2006). *2006 Decisions.* Paper 210.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1733
_____

FRANCIS G. MARTIN,

Appellant

v.

*UNITED STATES OF AMERICA
*(Amended per Clerk's order of 6/20/06)


_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-3729)
District Judge: Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
August 2, 2006

Before: RENDELL, AMBRO and ROTH,  Circuit Judges

(Filed: November 14, 2006 )


_____

OPINION
_____

PER CURIAM

Francis Martin appeals the dismissal of his civil rights complaint and mandamus

petition by the United States District Court for the District of New Jersey.  For the

reasons below, we will affirm the District Court's judgment.

On July 25, 2005, Martin filed a civil rights complaint against defendant Pamela Logan, an appeals officer for the Internal Revenue Service (IRS).[1] Martin alleged that Logan denied him due process by refusing to afford him a face-to-face Collection Due Process (CDP) hearing, pursuant to 26 U.S.C. § 6330, relating to certain outstanding and unpaid income tax obligations. Martin also sought mandamus relief, pursuant to 28 U.S.C. § 1361, asking the District Court to order Logan to provide a face-to-face CDP hearing. Logan filed a motion to dismiss arguing that the District Court lacked jurisdiction to consider Martin's civil rights claims and that Martin was not entitled to mandamus relief. The District Court granted Logan's motion and dismissed Martin's complaint.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a motion to dismiss. See Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

Martin argues the District Court erred in failing to require Logan to provide a face-to-face CDP hearing. For substantially the reasons given by the District Court, we agree that Martin is not entitled to mandamus relief.[2] A writ of mandamus is a drastic remedy

---

[1] Pursuant to this court's order entered June 20, 2006, the United States of America has been substituted as appellee in this matter.

[2] The District Court also held that Martin's civil rights claims were barred by sovereign immunity. In this appeal, Martin disclaims any reliance on anything other than mandamus. See Br. 1. Accordingly, we need not, and do not, reach the applicability of sovereign immunity to civil rights-type claims against the IRS. We note that mandamus

2

that should only be granted in extraordinary situations. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). A petitioner seeking such relief must show that he has "no other adequate means to attain the desired result" and that his right to issuance of the writ is "clear and indisputable." Id. (internal quotation marks omitted).

In this case, Martin cannot show that he has a clear and indisputable right to a face-to-face CDP hearing. A CDP hearing under § 6330(b) is an informal proceeding. The treasury regulations for § 6330(b) provide that "[a] CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications ... or some combination thereof." Treas. Reg. § 301.6330-1(d)(2)(Q & A-D6); see also Kindred v. Comm'r of Internal Revenue, 454 F.3d 688, 691 n.7 (7th Cir. 2006). Thus, it is clear that Martin is not guaranteed nor entitled to a face-to-face CDP hearing. This is not an "extraordinary" situation that warrants issuance of a writ of mandamus. Accordingly, the District Court did not err in dismissing Martin's complaint and denying him mandamus relief.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

claims such as Martin's are not barred by sovereign immunity. See Georges v. Quinn, 853 F.2d 994, 995 (1st Cir. 1988) (per curiam).