**Nuradeen ALAMIN, Petitioner,**

v.

**ZERLINSKI, Warden, Respondent.**

**Nos. 3:98–CV–550–P, C–CR–91–58–02.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Nov. 8, 1999.

Kate L. Mershimer, Williamsport, PA, for petitioner.

Robert J. Higdon, Jr., Charlotte, NC, for respondent.

### *MEMORANDUM AND ORDER*

POTTER, District Judge.

**THIS MATTER** is before the Court on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Nuradeen Alamin (hereinafter "Petitioner") on 12 January 1998 and a Motion to Dismiss the Petition filed by the United States on behalf of Warden Zerlinski (hereinafter collectively referred to as "Respondent") on 18 March 1999. Petitioner requests the Court to set aside his convictions under 18 U.S.C. § 924(c)(1) for using a gun during and in relation to a drug trafficking offense, asserting that they are no longer valid under *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Respondent moves to dismiss claiming the petition is procedurally barred. Alternatively, Respondent requests the Court to re-sentence Petitioner on the drug conspiracy conviction arising out of the same nucleus of facts. The purpose of re-sentencing Petitioner would be to afford the Government the opportunity to persuade the Court that a gun enhancement under the federal Sentencing Guidelines is appropriate.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted on 7 May 1991 in a ten-count Bill of Indictment by a federal grand jury in the Western District of North Carolina for violations of federal drug and firearms laws. Those charges arose out of Petitioner's relationship with Winston Lloyd Sharpe, Michael Johnson and Keith Kennedy. On 10 March 1991, Sharpe was arrested by officers of the Charlotte, North Carolina Police Department and was found to be in possession of approximately one kilogram of cocaine. Sharpe advised the police that he was en route to deliver the cocaine to Johnson, Kennedy and Petitioner at 511 West Cama Street in Charlotte. Sharpe further alleged that Johnson, Kennedy and Petitioner collectively used that residence to cook cocaine into crack.

Based on this information, a search warrant was obtained for 511 West Cama Street. Upon executing the search warrant, police found Kennedy and Petitioner in separate bedrooms and discovered 67.2 grams of cocaine base (crack), 25.22 grams of powder cocaine, 0.12 grams of heroin and 163.3 grams of marihuana in the residence. Also found in the residence were (1) a S.W.D. 9mm caliber pistol equipped with a 12 inch flash suppressor; (2) a .38 caliber revolver; (3) a Smith & Wesson 9mm caliber semi-automatic pistol, and (4) two .45 caliber semi-automatic pistols; all with obliterated serial numbers. Petition-

er was arrested and later released from the Mecklenburg County Jail in Charlotte on 18 March 1991 upon posting bond while the matter was pending in state court. After remaining a fugitive for approximately two years, Petitioner was arrested and brought to face charges in United States District Court in Charlotte.

On 27 September 1993, Petitioner entered a plea of guilty, pursuant to the terms of his plea agreement. The plea agreement provided that Petitioner admitted his guilt to the charges of drug conspiracy, Count One, and possession of a firearm during and in relation to a drug trafficking crime, Counts Six, Seven, Eight, Nine and Ten.[1] Petitioner entered his plea of guilty before the undersigned on 27 September 1993. On November 15, 1993, the undersigned sentenced Petitioner to a term of 120 months for Count One and, as required by section 924(c)(1), a consecutive sentence of 60 months for the four remaining firearms violations.

On 24 July 1995, Petitioner filed his first 28 U.S.C. 2255 motion, raising grounds for relief other than a *Bailey*-type claim that he was innocent of his section 924(c)(1) convictions. On 18 December 1995, this Court denied that motion. Petitioner appealed the denial of the 2255 motion, and the Fourth Circuit affirmed this Court on 31 July 1996. *See* 91 F.3d 134 (4th Cir. 1996) (table). In the meantime, on 6 December 1995, the Supreme Court decided *Bailey*.

In January 1997, Petitioner moved the Fourth Circuit for permission to file a second 2255 motion, so he could pursue a claim that his section 924(c)(1) convictions were invalid under *Bailey*. On 7 July 1997, the Fourth Circuit refused Petitioner's request on the implied basis that he could not satisfy the section 2255 requirements for filing a second or successive 2255 motion. *See In re Vial,* 115 F.3d 1192 (4th Cir.1997) (holding inmate's *Bailey* claim did not satisfy second or successive filing requirements).

On 12 January 1998, while he was imprisoned at LSCI–Allenwood, Pennsylvania, Petitioner filed a pro se petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania, again claiming his convictions were invalid under *Bailey*. On 4 March 1998, Respondent filed an answer and motion to dismiss. In the motion to dismiss, Respondent argued that Petitioner's 2241 motion should be construed as a second motion under 28 U.S.C. § 2255. According to Respondent, the petition was barred by the gatekeeping provision of section 2255 and because the Fourth Circuit had already denied Petitioner's attempt to file a second 2255 motion raising the *Bailey* issue. Alternatively, Respondent requested that the court transfer the petition to the Western District of North Carolina for a disposition on the merits.

On 9 December 1998, the Hon. William W. Caldwell, United States District Judge for the Middle District of Pennsylvania, issued a memorandum and order denying Respondent's motion to dismiss. In addition, Judge Caldwell transferred the petition to this Court for resolution of any factual disputes that remain between the parties.

On 18 March 1999, Respondent filed in this Court another answer and motion to dismiss. That motion asserts the same procedural bar already dismissed by Judge Caldwell and, alternatively, requests the Court to re-sentence Petitioner on Count One of the Bill of Indictment, the drug conspiracy charge. Petitioner urges this Court to follow the same reasoning used by Judge Caldwell to dismiss Respondent's motion and, in addition, argues that this Court may adopt Judge Caldwell's ruling as law of the case. The Court will address the merits of Petitioner's 2241 motion and Respondent's motion to dismiss collectively.

## II. DISCUSSION AND ANALYSIS

*a. Introduction*

▮ In *Bailey*, the Supreme Court held that "using" or "carrying" a firearm within

---

1. Count Eight was later dismissed on motion of the government.

the meaning of section 924(c)(1), required active employment of the firearm. *Bailey*, 516 U.S. at 144, 116 S.Ct. 501. Consequently, individuals could no longer be convicted of a section 924(c)(1) violation merely for "storing a weapon near drugs or drug proceeds," or for "placement of a firearm to provide a sense of security or to embolden." *Id.* at 149, 116 S.Ct. 501. The record indicates that when Petitioner was arrested at the 511 West Cama residence, several firearms were found in proximity to the illegal drugs. However, the record does not show that Petitioner actively employed any of the firearms seized.

On this basis, Petitioner claims he is innocent of the section 924(c)(1) violation to which he pleaded guilty. In its motion to dismiss, Respondent concedes that the guns were merely stored in the residence. Respondent is not in a position to offer evidence that Petitioner "used" or "carried" a firearm within the parameters of *Bailey*. Thus, Respondent acknowledges that *Bailey* requires that Petitioner's section 924(c) convictions be set aside. However, Respondent asserts that Petitioner is procedurally barred from receiving the writ of habeas corpus that would set aside his conviction. It is within this context that the Court examines the petition and the motion to dismiss.

### B. *Petitioner' 2241 motion*

Respondent contends that Petitioner's present 2241 motion should be construed as a 2255 motion and rejected under 2255 analysis. Motions made pursuant to section 2255 are subject to the Antiterrorism and Effective Death Penalty Act's of 1996 (AEDPA) prohibitions against 'second or successive' 2255 motions. Title I of the AEDPA contained a series of amendments to existing federal habeas corpus procedure. The AEDPA imposed a 1–year period of limitation and a gatekeeping responsibility upon courts of appeal to limit a defendant's opportunity to file 'second or successive' motion to claims of newly dis-

covered evidence or new rules of constitutional law with retroactive application. 28 U.S.C. § 2255 (1997). A decision by the court of appeals denying permission to file a second or successive application is not appealable. 28 U.S.C. § 2244(a), (b) (1997).

Petitioner has already filed a motion with the Fourth Circuit requesting leave to file a second § 2255 motion, and that application was denied. Consequently, Respondent is correct in asserting that this Court would lack jurisdiction to entertain another 2255 motion filed by Petitioner. However, Respondent's contention that the gatekeeping provision of section 2255 also bars Petitioner from proceeding under section § 2241 is erroneous..

■ Respondent contends that in *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the Supreme Court rejected arguments similar to those advanced in favor of the instant petition. In *Felker*, the Court addressed whether it had jurisdiction to hear a petition for writ of habeas corpus filed by an inmate challenging his conviction in a state court. *Felker, supra.* The Court ruled that the AEDPA amendments to habeas corpus law eliminated Supreme Court jurisdiction of challenges to a circuit court's denial of an application for a second 28 U.S.C. § 2254 motion.[2] *Id.* at 2340. However, the AEDPA did not repeal by implication the Supreme Court's original jurisdiction to issue writs of habeas corpus. *Id.* Therefore, federal courts have jurisdiction to hear habeas corpus petitions, even after a motion for leave to file a second 2255 motion has been denied by the courts of appeal. The holding in *Felker* contradicts Respondent's contention that this Court should construe Petitioner's motion as a disguised 2255 motion.

■ This Court's independent review of case law suggests that the availability of section 2241 relief for an inmate in Petitioner's circumstances has not yet been

---

**2.** Section 2244 controls petitions for habeas corpus resulting from proceedings in state

courts. Section 2244 reads as a corollary of Section 2255.

addressed by the Fourth Circuit. However, the foundational issue of the general availability of section 2241 relief was addressed in *In re Vial*, 115 F.3d 1192 (4th Cir.1997). In *Vial*, the Fourth Circuit held that when a section 2255 proves "inadequate or ineffective to test the legality of . . . detention," a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Vial*, 115 F.3d at 1194 (citing 28 U.S.C. § 2255 (1996)). In addition, the Fourth Circuit has stated unequivocally that section 2255 has not been rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that section or because an individual is procedurally barred from filing a section 2255 motion. *Id.* at note 5 (citations omitted). Furthermore, for a court to set aside the conviction, a petitioner must demonstrate that the conduct for which he was convicted is no longer unlawful. *See Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998).

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997), the Third Circuit addressed the adequacy and effectiveness of section 2255 for individuals who were convicted under an erroneous interpretation of section 924(c) and were unable to raise a *Bailey* claim in their first § 2255 motion. The Third Circuit reasoned that section 2255 was not adequate in Dorsainvil's case because he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law negated. *Dorsainvil*, 119 F.3d at 251. The Third Circuit held that the petitioner, Dorsainvil, was eligible to seek relief under section 2241. Therefore, Dorsainvil was eligible to seek relief under section 2241. Moreover, the Third Circuit found that its ruling was hardly likely to undermine the gatekeeping provisions of section 2255 due to the unusual circumstances of Dorsainvil's case. *Id.*

▮ This Court is inclined to deny Respondent's motion to dismiss. Every circuit to have considered this question has ruled that *Bailey* claims pre-termitted by

section 2255 meet that section's gatekeeping provision and establish a right to pursue habeas corpus relief under section 2241. *See Triestman v. United States*, 124 F.3d 361 (2nd Cir.1997); *In re Davenport*, 147 F.3d 605 (7th Cir.1998). In addition, Judge Caldwell of the Middle District of Pennsylvania already decided this issue in favor of Petitioner before transferring the case to this district. In his memorandum and order dismissing Respondent's motion, Judge Caldwell relied heavily on the Third Circuit's holding in *In re Dorsainvil, supra.* Judge Caldwell's decision is not in direct conflict with the law of the Fourth Circuit and this Court is within its discretion to adopt that ruling as law of the case. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988); 18 Moore's ¶ 134.22[1][b] (1999) (when a case is transferred from a district court in one circuit to a district court in another, the transferee court may give law of the case effect to a determination made by the originating court, as long as that determination is consistent with the law of the circuit in which the transferee court sits). However, the Court's overriding concern is with the egregious constitutional violation that would result from sustaining a conviction in the face of Respondent's concession that Petitioner is actually innocent. Respondent's position is untenable and the Court will deny motion to dismiss.

Respondent does not contest the petition beyond the procedural argument. Based on the information gleaned from the record, the Court is confident that Petitioner did not use or carry a firearm in violation of section 924(c). Therefore, the Court will set aside Petitioner's conviction and vacate the sentence of 60 months based on the section 924(c) violations.

*c. Motion to Re-sentence*

The Respondent has also moved to re-sentence Petitioner as to Count One should this Court decide to vacate the section 924(c) convictions. The Court

agrees with Respondent that the Court could, in its discretion, re-sentence Petitioner on the remaining counts. *See United States v. Smith,* 94 F.3d 122 (4th Cir. 1996); *United States v. Hillary,* 106 F.3d 1170 (4th Cir.1997). But the interests of justice do not require a re-sentencing in every *Bailey* claim case. It would not be an efficient use of the Court's resources to re-sentence Petitioner on a nine-year-old Count for the mere possibility of including a two point enhancement. The Court will deny Respondent's motion for a resentencing.

## CONCLUSION

The Court finds that Petitioner did not "use" or "carry" a firearm in violation of 18 U.S.C. § 924(c)(1) and, therefore, the Court must vacate Petitioner's conviction under that section and the corresponding 60 month sentence.

**NOW, THEREFORE, IT IS OR-DERED** that Respondent's Motion to Dismiss be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that Respondent's Motion to Re–Sentence Petitioner be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion To Vacate and Set Aside Petitioner's conviction under 18 U.S.C. § 924(c) (Counts Six, Seven, Nine and Ten) [document no. 1] and the corresponding sixty (60) month sentence be, and hereby is, **GRANTED.**

The Clerk is ordered to amend the judgment in Petitioner's criminal case from a 180 month term of incarceration to a 120 month term of incarceration. All other sentence conditions are to remain unchanged. The Clerk is further directed to certify copies of this Order and Judgment to Petitioner; the United States Probation Office; the United States Marshall; the Warden at FCI Butner, North Carolina; and Robert J. Higdon, Jr., Assistant United States Attorney for the Western District of North Carolina.

The Court will simultaneously file a separate judgment vacating Petitioner's conviction on Counts Six, Seven, Nine and Ten with this order.