**Austen O. NWANZE, Petitioner,**

v.

**John HAHN, Warden, Respondent.**

**C.A.No. 98–25.**

United States District Court,
W.D. Pennsylvania.

April 27, 2000.

Austen O. Nwanze, pro se.

Paul J. Brysh, Tina M. Oberdorf, U.S. Attorney's Office, Pittsburgh, PA, for Respondent.

## MEMORANDUM ORDER

McLAUGHLIN, District Judge.

On January 16, 1998, Petitioner Austen Nwanze filed the instant petition for writ of habeas corpus. This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On March 21, 2000, Magistrate Judge Baxter issued a Report and Recommendation recommending that the petition be transferred to the United States District Court for the Eastern District of Virginia. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Respondent filed a response to Petitioner's objections.

AND NOW, this 27th day of April, 2000;

Following a *de novo* review of the record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted as the opinion of this Court.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

BAXTER, United States Magistrate Judge.

### I. RECOMMENDATION

It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the United States District Court for the Eastern District of Virginia. A certificate of appealability should be denied.

### II. REPORT

#### A. Relevant Factual and Procedural History

Austen O. Nwanze, a federal prisoner at the Federal Correctional Institution at

McKean ("FCI–McKean") in Bradford, Pennsylvania, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction and sentence imposed in the Eastern District of Virginia for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner claims that based on *Bailey v. U.S.*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), his conviction for violating 18 U.S.C. § 924(c) is invalid.

Respondent concedes that

a review of the facts of this case would indicate that Nwanze's conviction would, in all likelihood, be vacated under Bailey and existing Fourth Circuit authority. [Because Nwanze's conviction is a Fourth Circuit conviction, the validity of that conviction is governed by Fourth Circuit law.] *See United States v. Hayden,* 85 F.3d 153 (4th Cir.1996) *and United States v. Mitchell,* 104 F.3d 649 (4th Cir.1997). "Use" and "carry" within the statute prohibiting use or carrying a firearm during drug trafficking are distinct and different from mere "possession," and inert presence of firearm, without more, is not enough to trigger the offense. *Hayden,* at 162.

Document # 6, page 13.

According to Respondent, the facts presented at trial in this case are as follows. In the early morning hours of December 10, 1991, officers with the Richmond Police Department entered the home of the Petitioner, a single-story dwelling containing two bedrooms. After a quick knock on the door, the police announced themselves and hit the door with a "ram." The officers entered the premises and began to search. There were three occupants in the house. Petitioner Nwanze was found sitting on the bed with a female companion in one of the rooms. Standing in the hallway by the front door was a third individual. Petitioner was dressed in his undershorts and a t-shirt, while the female companion and the third occupant were also dressed.

A search of the premises revealed narcotics and firearms in several locations. Found in the kitchen, next to a tire was a bag of "crack" cocaine. Next to the cocaine was a loaded Stallard 9mm firearm. In the bedroom where Petitioner was found, there was an unloaded Ruger 9mm pistol along with clips of ammunition for the pistol. In the southeast corner of the same room was a .25 caliber Raven Arms pistol. No testimony was offered at trial concerning Petitioner's "use" or "carrying" of the firearms.

On June 8, 1992, after a jury trial Petitioner was sentenced in the U.S. District Court for the Eastern District of Virginia to one hundred sixty-eight months for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B), possession of a firearm by previously convicted felon, and up to sixty months for violation of 18 U.S.C. § 924(c), possession of a firearm during drug trafficking crime. Originally, the three terms were set to run concurrently. However, on January 6, 1993, the judgment order was amended to reflect that the sixty month term was to run consecutively to the other counts.

Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit challenging the sufficiency of the evidence to sustain his 924(c) conviction. Applying the then-existing Fourth Circuit interpretation of 924(c), the conviction and sentence were affirmed.

Subsequently, Petitioner filed a motion under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia, raising claims other than the one at issue here. The motion was denied by the district court and Petitioner appealed to the Fourth Circuit. On September 8, 1995, the Fourth Circuit affirmed the district court's denial.

On December 6, 1995, the U.S. Supreme Court issued a decision in *Bailey v. U.S.*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which set forth a new and narrower interpretation of section 924(c). At issue was the language of 18 U.S.C.

§ 924(c)(1), which imposes punishment upon a person convicted of a drug trafficking crime who uses or carries a firearm. *Id.* The Supreme Court held that a defendant could not be convicted of using a firearm unless the government proved that the defendant actively employed the firearm during and in relation to the predicate crime. *Id.*

On June 19, 1996, Petitioner filed his second § 2255 motion in the United States District Court for the Eastern District of Virginia challenging his conviction and sentence in light of the *Bailey* decision. Petitioner argued that, based on the record from his original trial, the government's evidence was insufficient to satisfy the elements of a section 924(c) offense as those elements were more narrowly redefined under *Bailey.* Before filing his second 2255 motion with the district court, Petitioner failed to comply with the gatekeeping provision of the AEDPA[1]. On July 5, 1996, Petitioner filed a motion in the United States Court of Appeals for the Fourth Circuit pursuant to the gatekeeping provisions of AEDPA seeking leave to file his second 2255 motion in the district court.

On July 24, 1996, the district court dismissed Petitioner's 2255 motion until the Fourth Circuit authorized the filing of a second petition. On August 1, 1996, the United States Court of Appeals for the Fourth Circuit denied Petitioner's motion to file a successive 2255 petition in the district court.

On October 2, 1996, the district court denied Petitioner's motion for reconsideration, and on October 15, 1996, Petitioner filed a notice of appeal appealing that order. On September 19, 1997, the Fourth Circuit affirmed the district court decision of October 2, 1996.

On January 16, 1998, the instant petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241.

## B. Claims Cognizable in Federal Habeas Corpus Proceedings

■ A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); *Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Geschwendt v. Ryan,* 967 F.2d 877 (3d Cir.), *cert. denied,* 506 U.S. 977, 113 S.Ct. 472, 121 L.Ed.2d 379 (1992); *Zettlemoyer v. Fulcomer,* 923 F.2d 284 (3d Cir.), *cert. denied,* 502 U.S. 902, 112 S.Ct. 280, 116 L.Ed.2d 232 (1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wells v. Petsock,* 941 F.2d 253 (3d Cir.1991), *cert. denied,* 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 906 (1992). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)(basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *United States v. Hol-*

---

1. Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three-judge panel of the court of appeals to contain either:

    1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

    2) a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

*lis,* 569 F.2d 199, 205 (3d Cir.1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. *Fields v. Keohane,* 954 F.2d 945, 949 (3d Cir.1992); *Barden v. Keohane,* 921 F.2d 476 (3d Cir.1990). The remedy is to free an inmate from unlawful custody.

■ A writ of habeas corpus is the proper vehicle through which a prisoner may challenge not only his sentence, but also the length of his confinement. *Tedford v. Hepting,* 990 F.2d 745, 748 (3d Cir.1993), *citing Preiser,* 411 U.S. at 489–490, 93 S.Ct. 1827. Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks as his relief immediate or speedier release from confinement. *Heck,* 512 U.S. at 480, 114 S.Ct. 2364, *explaining Preiser,* 411 U.S. at 490, 93 S.Ct. 1827. A violation of a prisoner's liberty interest may be addressed by a writ of habeas corpus only to the extent that the alleged violation impacts a prisoner's length of confinement. *Wolff,* 418 U.S. at 539, 94 S.Ct. 2963; *Cardenas v. Wigen,* 921 F.Supp. 286 (E.D.Pa.1996). If the prisoner is seeking what can fairly be described as a quantum change in the level of custody (whether outright freedom or freedom subject to the limited reporting and financial constraints of bond, parole or probation), then habeas corpus is his remedy.

■ As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." *DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir.1986), *citing Lee v. United States,* 501 F.2d 494, 500 (8th Cir.1974). Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court. *Miller v. United States,* 564 F.2d 103, 105 (1st Cir.1977), *cert. denied,* 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978).

■ Because Petitioner is challenging his conviction and the imposition of his sentence, rather than the execution of his sentence, a habeas corpus petition filed under § 2241 is not the appropriate vehicle. When a petitioner attempts to seek relief from the imposition of sentence under 28 U.S.C. § 2241, the habeas petition is usually dismissed for lack of subject matter jurisdiction. In the case at hand, however, Petitioner does not challenge the condition of his confinement or the execution of his sentence. Rather, he challenges his actual conviction and sentence under 18 U.S.C. § 924(c). Petitioner was tried and convicted in the United States District Court for the Eastern District of Virginia. His conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. Thus, under § 2241 jurisprudence, the issues raised in the instant petition would not usually be within the jurisdiction of this Court. *See Lee v. United States,* 501 F.2d 494, 500 (8th Cir.1974); *Miller v. United States,* 564 F.2d 103, 105 (1st Cir.1977), *cert. denied,* 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1978) (challenge to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court).

This petition represents a collateral attack upon the legality of the judgment of conviction and sentence imposed by District Judge Williams in the Eastern District of Virginia. Such an attack is more properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 (*In re Vial,* 115 F.3d 1192 (4th Cir.1997)), instead of a petition filed pursuant to § 2241 in the circuit of incarceration. Although Petitioner was tried and convicted in the Fourth Circuit, he is currently incarcerated within the Third Circuit. The Third Circuit has taken a broader view of the relief available under the *Bailey* decision.

■ In *In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997), the United States Court of Appeals for the Third Circuit carved a limited exception to the general proposition that a challenge to a conviction and

imposition of sentence must be brought only as a § 2255 claim. Importantly, the Circuit did not create a § 2241 remedy for every federal prisoner who has had a § 2255 motion denied by a court and subsequently is unable to file a successive § 2255 petition. Rather, *Dorsainvil* stands for the proposition that resort to § 2241 habeas corpus relief is warranted under the "unusual circumstances" of a *Bailey* claim that could not have otherwise been raised. The court stated that where "a complete miscarriage of justice" was evident because a prisoner was being punished for "an act that the law does not make criminal thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same complete miscarriage of justice when the AEDPA amendment to § 2255 makes that collateral remedy unavailable." *Dorsainvil*, 119 F.3d at 251.

The Third Circuit went on to caution:

we do not suggest that § 2255 would be inadequate or ineffective so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress' intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position—that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively—is hardly likely to undermine the gatekeeping provisions of § 2255.

*Id.* at 251. The court further cautioned that the "holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one." *Id.*

Unlike Petitioner's case, Mr. Dorsainvil was tried, convicted and sentenced within the Third Circuit. Petitioner Nwanze was tried, convicted and sentenced within the Fourth Circuit and now seeks to have this

Court bestow upon him the benefit of the Third Circuit's *Dorsainvil* decision.

Petitioner's request is not the first of its kind; a similar case presented itself in the United States Court for the Middle District of Pennsylvania in *Alamin v. Gerlinski*, 30 F.Supp.2d 464 (M.D.Pa.1998). In that case, Nuradeen Alamin pled guilty to various crimes, including 18 U.S.C. § 924(c), in 1993. In July 1995, Alamin filed a § 2255 motion raising claims other than *Bailey*-type claims, which the court denied. Alamin appealed the denial of the § 2255 motion to the Fourth Circuit which affirmed the district court's decision on July 31, 1996. In the meantime, the U.S. Supreme Court issued the *Bailey* decision. In January 1997, Alamin moved the Fourth Circuit for permission to file a second § 2255 motion, so that he could pursue a *Bailey* claim. On July 7, 1997, the Fourth Circuit refused Alamin's request (on the implied basis that he could not satisfy the § 2255 requirements for filing a second or successive 2255 motion). Alamin then filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania (the district in which he found himself incarcerated), again claiming his conviction under 924(c) was invalid under *Bailey*.

Respondent Gerlinski filed a motion to dismiss arguing that the § 2241 petition was actually a second § 2255 motion and should be dismissed for lack of subject matter jurisdiction. According to the respondent, the petition was barred by the gatekeeping provision of § 2255 and because the Fourth Circuit had already denied Alamin's attempt to file a second § 2255 motion raising the *Bailey* issue. U.S. District Judge William W. Caldwell denied the motion to dismiss and transferred the petition to the sentencing court, stating

The government cannot defeat this petition by arguing that the Fourth Circuit already dismissed Alamin's attempt to litigate his *Bailey* claim in a successive motion under section 2255. *We are not*

*allowing a 2255 motion to proceed in the face of the Fourth Circuit's contrary ruling. We are allowing a 2241 petition under Dorsainvil.*

*Id.* at 467 (emphasis added).

Upon transfer to the sentencing court, Alamin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was granted, thereby vacating his sentence of sixty months *for violation of* 18 U.S.C. § 924(c). *Alamin v. Zerlinski,* 73 F.Supp.2d 607, 612 (W.D.N.C. November 8, 1999). The sentencing court held:

> This Court's independent review of case law suggests that the availability of section 2241 relief for an inmate in Petitioner's circumstances has not yet been addressed by the Fourth Circuit. However, the foundational issue of the general availability of section 2241 relief was addressed in *In re Vial,* 115 F.3d 1192 (4th Cir.1997). In *Vial,* the Fourth Circuit held that when a section 2255 proves inadequate or ineffective to test the legality of detention, a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In addition, the Fourth Circuit has stated unequivocally that section 2255 has not been rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that section or because an individual is procedurally barred from filing a section 2255 motion. Furthermore, for a court to set aside the conviction, a petitioner must demonstrate that the conduct for which he was convicted is no longer unlawful.

\* \* \*

In addition, Judge Caldwell of the Middle District of Pennsylvania already decided this issue in favor of Petitioner before transferring the case to this district. In his memorandum and order dismissing Respondent's motion [to dismiss for lack of subject matter jurisdiction], Judge Caldwell relied heavily on the Third Circuit's holding in *In re Dorsainvil, supra.* Judge Caldwell's deci-

sion is not in direct conflict with the law of the Fourth Circuit and this Court is within its discretion to adopt that ruling as law of the case. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988); 18 Moore's ¶ 134.22[1][b] (1999) (when a case is transferred from a district court in one circuit to a district court in another, the transferee court may give law of the case effect to a determination made by the originating court, as long as that determination is consistent with the law of the circuit's in which the transferee court sits). However, the Court's overriding concern is with the egregious Constitutional violation that would result from sustaining a conviction in the face of Respondent's concession that Petitioner is actually innocent.

*Id.* at 611 (some internal citation and quotation omitted).

█ This Court is persuaded by the logic of the *Alamin* example. Other cases of a similar posture have been transferred likewise. *See Lee v. Wetzel,* 49 F.Supp.2d 875 (E.D.La.1999) ("In this case, Lee did not have an opportunity to bring his Bailey claim in his first § 2255 motion. Thereafter, the Supreme Court interpreted § 924(c) to provide for a different standard and made it retroactive. Lee has no remedy under § 2255. The remedy under § 2255 is therefore 'inadequate or ineffective to test the legality of his detention,' and Lee is entitled to bring this petition for writ of habeas corpus under § 2241."); *Conley v. Crabtree,* 14 F.Supp.2d 1203 (D.Or.1998) ("... a number of factors weigh heavily in favor of transferring all § 2241 petitions that contain *Bailey/Muscarello[ v. U.S.,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998)*]* claims. In many cases, the government may wish to contest whether the petitioner is actually innocent of the crime for which he was convicted. The sentencing court, and the offices of the United States Attorney and public defender that participated in the

earlier proceeding, usually will be more familiar with the details of the case ...").[2] This matter should be transferred to the sentencing court.

### C. Certificate of Appealability

Section 102 of the Antiterrorism Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, this Court recommends that the *Petition for Writ of Habeas Corpus* pursuant to 28 U.S.C. § 2241 be transferred to the United States District Court for the Eastern District of Virginia. A certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated March 21, 2000.

---

**2.** Petitioner opposes the transfer of his petition because, among other things, he fears for his life. *See* Petitioner's Response to Respondent's Notice of Recent Decision, Document # 14. He alleges that he has been "tortured, drugged and sexually assaulted by the Office of the U.S. Attorney, EDVa., because [he] refused to be a government witness and fabricate stories for the government...." *Id.* at page 2. It is possible that Petitioner's petition, once transferred, may be decided without hearing or his presence. Even if Petitioner is brought before the court in the Eastern District of Virginia, he will not be in the custody of the Office of the U.S. Attorney.