

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2001

# In Re Nwanze

Precedential or Non-Precedential:

Docket 00-1459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"In Re Nwanze" (2001). *2001 Decisions.* Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed March 13, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1459

*IN RE: AUSTEN O. NWANZE,

     Petitioner

*(Amended in accordance with Clerk's Or der
dated 12/18/00 pursuant to Rule 21(a)(2)(A))

On Petition for a Writ of Mandamus
Directed to the United States District Court
for the Western District of Pennsylvania
(Related to D.C. Civ. No. 98-00025E)
District Judge: Honorable Sean J. McLaughlin

Argued February 15, 2001

BEFORE: MANSMANN, AMBRO, and GREENBERG,
Circuit Judges

(Filed: March 13, 2001)

     Jon Hogue (argued)
     Hogue & Lannis
     3400 Gulf Tower
     Pittsburgh, PA 15219

     Attorneys for Petitioner

         Paul J. Brysh (argued)
         Tina M. Oberdorf
         Office of the United States Attorney
         Harry Litman
         United States Attorney
         633 United States Post Office &
          Courthouse
         Pittsburgh, PA 15219

          Attorneys for Respondent

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter comes on before this court on a petition for a writ of mandamus in the following circumstances. On June 8, 1992, the United States District Court for the Eastern District of Virginia sentenced the petitioner, Austen O. Nwanze, following his conviction at a jury trial, to prison terms of 168 months for various drug of fenses and 60 months for each of two firearms violations. The court ordered Nwanze to serve all the sentences concurrently even though one of the two firearms convictions and sentences was for using or carrying a firear m in violation of 18 U.S.C. S 924(c) during or in relation to certain other offenses. Subsequently, the district court amended the judgment of conviction and sentence so that the 60-month sentence on the section 924(c) conviction ran consecutively to the other sentences as required by section 924(c)(1)(A). Consequently, Nwanze's sentence became 228 months. Nwanze appealed from the amended judgment of conviction and sentence to the United States Court of Appeals for the Fourth Circuit which affirmed on September 24, 1993, in an unpublished opinion.

Thereafter, Nwanze filed a motion in the Eastern District of Virginia to vacate the sentence pursuant to 28 U.S.C. S 2255. The district court denied that motion and once again on appeal the court of appeals affir med.

2

After the failure of Nwanze's section 2255 petition, the Supreme Court in Bailey v. United States , 516 U.S. 137, 116 S.Ct. 501 (1995), held that a defendant could not be convicted of using a firearm under section 924(c) unless the government proved that the defendant"actively employed the firearm during and in relation to the predicate crime." Id. at 150, 116 S.Ct. 509. While Bailey was not concerned directly with the "carries" prong of section 924(c), the government in this proceeding has conceded that "[a] review of the facts of this case would indicate that Nwanze's conviction would in all likelihood, be vacated under Bailey and existing Fourth Circuit authority." App. at 23.

In reliance on Bailey, Nwanze attempted to file a second motion under section 2255 in the Eastern District of Virginia to vacate his sentence, but he was not successful as the district court and the court of appeals denied him authorization to proceed under the Antiterr orist and Effective Death Penalty Act of 1996 ("AEDP A") because his motion was an unauthorized second or successive motion. While the orders of the courts do not expr essly so recite, the parties believe that the district and cir cuit courts denied him permission to proceed as, in their view, Bailey did not adopt a new rule of constitutional law ther eby justifying the filing of the petition. See App. at 40-44; 28 U.S.C. S 2255(2). These dispositions left Nwanze in the unfortunate position of being compelled to serve afive-year term of imprisonment, at the end of the balance of his confinement for his other offenses, for conduct that was not criminal within the scope of the statute pursuant to which he had been convicted and sentenced.

The denial of Nwanze's motion, however, did not necessarily leave him without a remedy for our opinion in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), suggested that a prisoner in his situation after the Supreme Court's opinion in Bailey could seek habeas corpus r elief under 28 U.S.C. S 2241 in a district court in the district in which he was confined, even though ordinarily a petitioner should advance a challenge to a conviction and sentence thr ough the means of a motion under section 2255 in the sentencing court. See Dorsainvil, 119 F .3d at 252. Thus, in reliance on Dorsainvil, Nwanze filed a pro se habeas corpus

petition in the Western District of Pennsylvania under section 2241, which he asserted was justified as the gatekeeping provisions of section 2255 as enacted by the AEDPA barred him from relief under that section.

The government filed a response to the petition suggesting, as we have indicated, that on the merits Nwanze was entitled to relief under Bailey . Nevertheless, it contended that he should pursue that relief in the Eastern District of Virginia either under 28 U.S.C. S 2255 or by filing an application seeking "a writ of err or coram nobis, a writ of audita querela, or a writ pursuant to 28 U.S.C. S 1651." App. at 20. Accordingly, the government argued that the district court should dismiss the petition or, alternatively, transfer the case to the Easter n District of Virginia. Significantly, the gover nment pointed out that if the court vacated Nwanze's conviction under section 924(c), he would be exposed to enhancements of his sentencing level, "including, but not limited to a two-point enhancement under U.S.S.G. S 2K2.1," dealing with unlawful receipt, possession or transportation of firearms.

The district court referred the petition to a magistrate judge for a report and recommendation. See Nwanze v. Hahn, 97 F. Supp.2d 665, 666 (W.D. Pa. 2000). In her comprehensive report and recommendation, the magistrate judge described the background of the case and pointed out that "[a]s a general proposition only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." Id. at 669 (inter nal quotation marks omitted). On the other hand, "[c]hallenges to the validity of a federal prisoner's conviction or sentence should be pr esented to the sentencing court." Id. Thus, the magistrate judge concluded that under section "2241 jurisprudence, the issues raised in [Nwanze's] petition would not usually be within the jurisdiction of [the Wester n District of Pennsylvania]." Id.

The magistrate judge nevertheless recognized that Dorsainvil stood for the proposition that r esort to section 2241 habeas corpus relief was warranted if the Bailey claim otherwise could not be asserted. But the magistrate judge

4

distinguished Dorsainvil on the ground that there, unlike the situation here, two circuits wer e not involved as "Dorsainvil was tried, convicted and sentenced within the Third Circuit [whereas] Nwanze was tried, convicted and sentenced within the Fourth Circuit and now seeks to have [the Western District] Court to bestow upon him the benefit of the Third Circuit's Dorsainvil decision." Id. at 670.

The magistrate judge next discussed Alamin v. Gerlinski, 30 F. Supp.2d 464 (M.D. Pa. 1998), in which the district court in the Middle District of Pennsylvania, the petitioner's place of confinement, in circumstances mirr oring those here, transferred a section 2241 petition to the Western District of North Carolina where the petitioner had been convicted. Following the transfer, the transferee district court granted the petitioner relief and vacated his 60-month sentence for violation of section 924(c) in a situation in which the conviction could not be reconciled with Bailey. The magistrate judge indicated that she was "persuaded by the logic of the Alamin example," Nwanze, 97 F. Supp.2d at 671, and thus she recommended that the court transfer Nwanze's petition to the Eastern District of V irginia. Id. at 672. The district court adopted the magistrate judge's report and recommendation following which Nwanze appealed to this court.

When the clerk of this court examined the notice of appeal, she recognized that inasmuch as or dinarily "orders transferring venue are not immediately appealable," Carteret Sav. Bank v. Shushan, 919 F .2d 225, 228 (3d Cir. 1990), it appeared that we lacked appellate jurisdiction. Consequently, she submitted the case to a panel of this court so that the panel could consider whether to dismiss the appeal. The panel examined the case and deter mined that we did not have appellate jurisdiction but that we had discretion to treat the notice of appeal as a petition for mandamus. See Nascone v. Spudnuts, Inc., 735 F.2d 763, 773 (3d Cir. 1984). The panel also concluded that inasmuch as it was doubtful that Nwanze could have in the first instance filed his petition for habeas corpus under section 2241 in the Eastern District of V irginia, it appeared "that the District Court might have acted beyond its authority in transferring [his] habeas corpus petition to the

5

sentencing court." Thus, the panel order ed that the notice of appeal be treated as a petition for mandamus. This court then appointed an attorney for Nwanze and, after briefs were filed, entertained oral argument in this matter.

II. DISCUSSION

In considering this matter, we first point out that we are exercising original jurisdiction under 28 U.S.C. S 1651 rather than appellate jurisdiction under 28 U.S.C.S 1291 or some other statutory authority. Consequently, we must be particularly circumspect in our exercise of our authority here. In this regard, we quote our opinion in Hahnemann University Hospital v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (internal citations, brackets, and quotation marks omitted):

> The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power. Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal. Thus, in addition to the jurisdictional prerequisites inher ent in the language of [28 U.S.C. S] 1651(a), two additional pr erequisites for issuance of a writ are: (1) that petitioner have no other adequate means to attain the desired relief, and (2) that petitioner meet its burden of showing that its right to the writ is clear and indisputable. Even when these prerequisites are met, issuance of the writ is largely discretionary, bearing in mind the unfortunate consequence of making the judge a litigant and the highly disfavored effect of piecemeal appellate review.1

Moreover, as we indicated in Carter et, "the clear error [justifying the issuance of the writ] should at least approach the magnitude of an unauthorized exer cise of judicial power [and] [f]inally the party seeking the relief

_____

1. We recognize that the district judge no longer is a respondent in a mandamus case. See Fed. R. App. P. 21. Nevertheless, we believe that the essential standards for issuing a writ of mandamus have not changed.

6

must have no other adequate means to attain the desired relief." 919 F.2d at 232–33 (inter nal citations, brackets, and quotation marks omitted).

Nwanze, who is well aware of the foregoing standards, summarizes his argument as follows:

> The Petition for Writ of Mandamus is appr opriate since no other remedial relief exists. In this matter, Mr. Nwanze has properly filed a writ of habeas corpus that must be determined in the court where it was filed. No legal reason exists to transfer the matter to a court without jurisdiction. Finally, Mr. Nwanze's right to relief is clear and indisputable so granting of the writ of mandamus is appropriate and just.

Br. at 10. Thus, Nwanze emphasizes that it is particularly appropriate to grant the writ to provide r elief from a transfer order where, as he apparently believes is the situation here, the transferee court does not have jurisdiction and the petitioner has no other way to obtain relief. Of course, he also relies on Dorsainvil to demonstrate that the district court in the Wester n District of Pennsylvania had jurisdiction to grant him habeas r elief.

In considering this matter, we point out that inasmuch as a Bailey issue challenges the validity of a conviction, ordinarily a petitioner should present the issue to the sentencing court rather than the court in the district in which he is confined. But in this case Nwanze believes that the gatekeeping provisions in section 2255 for eclose that possibility as the Court of Appeals for the Fourth Circuit already has precluded him from filing a second or successive section 2255 motion. Nevertheless, if the gate closed by section 2255 somehow could be opened in the Eastern District of Virginia, Nwanze should seek relief there, as that exercise of jurisdiction would be in harmony with the congressional jurisdictional scheme in sections 2241 and 2255.

Of course, one way to open the gate, albeit indir ectly, would be to allow the petitioner to seek habeas corpus relief under section 2241. See Dorsainvil, 119 F .3d at 251; see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). We question, however, whether such a petition could be filed in

7

the district of the sentencing court except in cases in which that court happened to be in the same district in which the petitioner was confined. Of course, allowing a petitioner to raise the Bailey issue in a section 2241 petition in the sentencing court only in those circumstances would be quite arbitrary, because the ability of the sentencing court to consider a petitioner's section 2241 petition would be dependent on sheer happenstance. In any event, we have serious doubt that the transfer of the case can be justified on the theory that Nwanze could have brought his habeas corpus petition in the district court in the Easter n District of Virginia, and if not, it would be difficult to justify the transfer order on that basis. See Chatman–Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988); 28 U.S.C. S 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division wher e it might have been brought."); see also Dorsainvil, 119 F.2d at 252 (motion for certification of second section 2255 petition denied without prejudice to filing a section 2241 petition in the district of confinement).2

Our suggestion that it is doubtful that an inter –district transfer of a section 2241 petition may be made fr om the district of confinement to the district of sentencing to continue to be treated after transfer as a section 2241 petition, does not overlook the litigation in Alamin v. Gerlinski, 30 F. Supp.2d at 464, and Alamin v. Gerlinski, 73 F. Supp.2d 607 (W.D.N.C. 1999), to which the magistrate

_____

2. We are satisfied that section 1404(a) applies to transfers of habeas corpus petitions, see United States ex r el. Meadows v. New York, 426 F.2d 1176, 1183 n.9 (2d Cir. 1970), as habeas corpus petitions are technically civil actions and we see no reason why that section should not apply to them. See Schlanger v. Seamans, 401 U.S. 487, 490 n.4, 91 S.Ct. 995, 998 n.4 (1971); see also Fed. R. Civ. P. 81(a)(2). We note that the parties are in agreement that Nwanze could not have instituted this section 2241 proceeding in the Eastern District of Virginia. We also note that it is quite clear that ordinarily a transfer of a section 2241 proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses. See Dorsainvil, 119 F.3d at 249; Meadows , 426 F.2d at 1183 n.9.

judge referred.3 Ther e the district court in the Middle District of Pennsylvania, the situs of the petitioner's confinement, transferred his section 2241 petition to the Western District of North Carolina, the situs of his sentencing, after the Court of Appeals for the Fourth Circuit did not permit the petitioner tofile an application for relief under section 2255 following the decision in Bailey. While we do not doubt that both district courts in Alamin took a common sense approach to the problem before them, still they seem not to have considered whether 28 U.S.C. S 1404(a) barred the transfer , as the petitioner might not have been able to institute the action in North Carolina. Moreover, the parties in Alamin agreed that if the Pennsylvania district court did not dismiss the petition it should be transferred to the North Carolina court. Alamin, 30 F. Supp.2d at 468.

We need not, however, be overly concer ned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if Nwanze has no other remedy in the district of his conviction and sentencing, the Court of Appeals for the Fourth Cir cuit would approve of the district court's exer cising jurisdiction under the All-Writs Act, 28 U.S.C. S 1651(a) to grant him a writ of error coram nobis. See United States v. Shamy, 886 F.2d 743 (4th Cir. 1989); United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988). If such be the case, then the district court in the Western District of Pennsylvania would not have transferred this case to a court without jurisdiction. In both Shamy and Mandel, the petitioners had been convicted of mail fraud and racketeering.4  Subsequently, long after their convictions had been affir med and the petitioners had completed service of their sentences, the Supreme Court held in McNally v. United States, 483 U.S. 350, 107 S.Ct. 2875 (1987), that the mail fraud statute, 18 U.S.C. S 1341, did not extend to schemes to defraud persons of their intangible rights such as the right to honest government. Relying on McNally, the petitioners in

_____

3. It is the belief of the panel that the corr ect spelling of the respondent's
name in the Alamin litigation is Gerlinski and thus we have corrected the incorrect spelling of the name in the caption in the North Carolina case.

4. Shamy also involved wire fraud.

both cases filed motions for a writ of err or coram nobis, unsuccessfully in Shamy, but successfully in Mandel. On the appeals, the Court of Appeals for the Fourth Circuit made it clear that if McNally had been extant at the time of the petitioners' direct appeals, it would have reversed the convictions. See Shamy, 886 F.2d at 745; Mandel, 862 F.2d at 1074. In reaching this result, the court concluded that the "jury instructions . . . improperly allowed petitioners' convictions for acts which are not within the reach of the mail fraud statute." Id. at 1075. Thus, the court in both cases held that a writ of coram nobis should issue.

We think that unless the district court in the Eastern District of Virginia can grant relief on another basis, it is likely that it will follow the logic of Mandel and Shamy when it considers Nwanze's case and thus exercise jurisdiction. It is true that Mandel and Shamy are distinguishable from this case because the petitioners there had served their sentences before seeking the writs of coram nobis and Nwanze has not started serving his 60-month sentence on the section 924(c) conviction. Nevertheless, we think that the Virginia court probably will regard that distinction as making it all the more compelling for it to exercise jurisdiction and grant Nwanze relief. After all, can it seriously be argued that a person who has not yet served an illegal sentence is less in need of relief from its imposition than a person who has served it? Accordingly, while we cannot be certain that the Virginia court will exercise jurisdiction and consider Nwanze's petition on the merits, still we are confident enough that it will do so that we will exercise our discretion to deny Nwanze's petition for a writ of mandamus.

We are encouraged to reach our result by the practical circumstance here. In United States v. Goggins, 99 F.3d 116 (3d Cir. 1996), we held that when a district court after Bailey vacated the sentence it previously entered on a section 924(c)(1) conviction, the court could resentence the defendant on the remaining count of conviction after increasing his offense level by 2 levels under U.S.S.G. S 2D1.1(b)(1). While we express no opinion on the question of whether if the Virginia district court vacates Nwanze's conviction on the section 924(c) conviction, it should

10

resentence him on the basis of an enhanced sentencing level on the remaining counts, we are r eluctant to foreclose that possibility. Indeed, the Court in Bailey recognized that even if the "uses" prong of section 924(c) is inapplicable, the Sentencing Guidelines might provide a basis for enhancing the sentencing level. Bailey, 516 U.S. at 150, 116 S.Ct. at 509. Therefore, it would be better for Nwanze to obtain relief under Bailey fr om the sentencing court rather than from the court in the district of confinement as we have some doubt as to whether the latter court could resentence on the remaining counts.

Moreover, our conclusion in this r espect takes into account a circumstance that we noted in Goggins, that "if the district court knew at the time of the original sentencing that it could not sentence on all the counts on which the defendant was convicted, it might have imposed a greater sentence on the counts on which it could sentence validly." Goggins, 99 F.3d at 119. We think that only the sentencing court can know what its intentions would have been if it had been sentencing on the r emaining counts without imposing a sentence under section 924(c). See also United States v. Davis, 112 F.2d 118, 122-23 (3d Cir. 1997); Alamin v. Gerlinski, 73 F . Supp.2d at 611-12.

We close our discussion with the following comment. While we have reached our result on the basis of our belief that the United States District Court for the Easter n District of Virginia will address Nwanze's request for relief from his section 924(c) conviction and sentence on the merits, we recognize that we could be wr ong in that expectation. Thus, though we will deny the petition for a writ of mandamus, we do so without prejudice to Nwanze's reinstituting his habeas corpus petition in the Western District of Pennsylvania, or in such other district in which he may be confined, if the Virginia court denies him relief on jurisdictional grounds. Finally, while we r ecognize that Nwanze would be delayed in obtaining relief if he must reinstitute his habeas corpus petition, we doubt that the delay would prejudice him, as it appears that he still would be serving his 168-month sentence when he again sought relief in the district of his confinement. The parties shall bear their own costs in this matter.

11

III. CONCLUSION

For the foregoing reasons the petition for a writ of
mandamus will be denied.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

12