CLD-126                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3763
_____

IN RE:  CLAUDE-HUDSON ALBERT,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civ. No. 3-15-cv-02034)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 28, 2016
Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2016)
_____

OPINION[*]
_____

PER CURIAM

Claude-Hudson Albert petitions this Court for a writ of mandamus pursuant to 28

U.S.C. § 1651.  For the following reasons, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

In 2015, Albert filed a civil action in the District Court for the District of New Jersey against Sun Trust Mortgage, Inc.,[1] and Specialized Loan Servicing, LLC, as well as several of their employees, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et. seq., and breach of contract. The District Court granted defendants' motions to dismiss for failure to state a claim. Albert filed a motion for reconsideration, which the District Court denied after a hearing. In lieu of an appeal, Albert filed an "Emergency Petition for Writ [of] Mandamus & Writ Quo Warranto," in which he seeks to have the District Court "reopen" and "reverse [its] decision dismissing the matter." In his petition, Albert argues that mandamus relief is warranted because the District Court violated his due process rights by denying him the opportunity to present evidence at the hearing on the motions to dismiss, and by failing to provide him notice of the hearing on the motion for reconsideration.

Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651. Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Albert would have to show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v.

---

[1] Sun Trust is mistakenly referred to as "Sun Trust Mortgage Co." in the caption of his complaint and throughout Albert's pleadings in the District Court.

Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). He cannot make this requisite showing. First, given that the underlying matter in the District Court has been dismissed, there is no pending action over which a writ of mandamus might aid our jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). Further, Albert did not seek appellate review of the District Court's orders; he may not use mandamus as a substitute for an appeal. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) ("[G]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.") (citation omitted).

For the foregoing reasons, we will deny the petition for a writ of mandamus.