ALD-021 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2521
_____

IN RE: ROSALINDA O. CARINO,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 3, 2022
Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 10, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Rosalinda Carino, proceeding pro se, petitions this Court for a writ of mandamus

pursuant to 28 U.S.C. § 1651. For the following reasons, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The nature of Carino's request for mandamus relief is not entirely clear. She appears to allege that her properties at "81 & 79 Lake Street, Belleville, NJ" were the subject of fraudulent tax foreclosure proceedings, and that respondent, Essex County Sheriff Armando B. Fontoura, wrongfully evicted her from her home at 71 Franklin Street in Belleville. As relief, Carino appears to seek an order restoring title to the Lake Street properties back into her name and that of her spouse, Juan D. Carino, and "allowing [her] to reclaim residency" at her Franklin Street home. In a document filed in support of the mandamus petition, Carino asserts that the District Judge who dismissed Carino's federal civil complaint filed against Fontoura for failure to state a claim for relief abused her authority and erred as a matter of law.[1] See D.N.J. Civ. No. 2:15-cv-06143. Carino requests that the Judge be censured, suspended, or removed from the bench.

Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651. Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Carino must show a clear and indisputable right to the writ

---

[1] To the extent that Carino intended this document to be filed as a separate mandamus petition, she failed to submit the required certificate of service showing that a copy was served on the intended respondent. In any event, for the reasons discussed herein, Carino is not entitled to mandamus relief.

and that she has no other adequate means to obtain the relief desired. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). She cannot make this requisite showing.

First, there is no pending action over which a writ of mandamus might aid our jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). The complaint against Fontoura was dismissed in 2015, see D.N.J. Civ. No. 2:15-cv-06143, ECF No. 6, and Carino's belated appeal in that matter was dismissed for lack of appellate jurisdiction. See Carino v. Fontoura, C.A. No. 22-2159, Order entered October 14, 2022; see also In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (noting that, "given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal") (citation omitted). And, to the extent Carino seeks an order compelling a state actor to perform a state action, we lack authority to grant mandamus relief in any event. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam).[2]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[2] To the extent that Carino seeks "Injunction Relief, Equity Relief Pursuant to the National Emergency Mandate," the request is denied because, among other reasons, she provides no support or explanation for such relief.