

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2002

# In Re Eastwind Grp

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re Eastwind Grp " (2002). *2002 Decisions.* Paper 556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4200
_____

IN RE: EASTWIND GROUP, INC.

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Misc. No. 01-200)
District Judge:  The Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 16, 2002

Before: SCIRICA, ALITO, and FUENTES, Circuit Judges

(Opinion Filed: September 6, 2002)

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

The National Union Fire Insurance Company of Pittsburgh, Pennsylvania, ("National Union") appeals the District Court's Order that vacated its own previous Order to withdraw the reference of this case to the Bankruptcy Court. The practical effect of the District Court's Orders was to deny both National Union's motion to withdraw the reference of jurisdiction from the bankruptcy court and its motion for a Stay.  For the reasons stated below, we find that we lack  jurisdiction to hear this appeal. Therefore, we dismiss the appeal.

Because we write for the benefit of parties who are already familiar with the facts of this case, we only address National Union's legal claims.  However, before we can review the merits of National Union's claim, we must first determine whether we have appellate jurisdiction over the District Court's Order. See In re; Professional Insurance Management, 285 F.3d 268, 278 (3d Cir. 2002); see also Metro Transportation Co. v. North Star Reinsurance Co., 912 F.2d 672, 676 (3d Cir. 1990) ("[w]here counsel has not satisfied us that jurisdiction is present, we are obliged to raise that issue on our own initiative").

It is clear that we cannot predicate our jurisdiction on  28 U.S.C.  158(d), the appeal provision that is generally applicable to bankruptcy cases, because the District Court acted pursuant to its original jurisdiction when it denied National Union's  motion to withdraw the reference. See In re: Pasquiello, 16 F3d 525, 528 (3d Cir. 1994); Allegheny International, Inc. v. Allegheny Ludlum Steel Corp. 920 F.2d 1127, 1131 (3d

Cir. 1990). Neither can we rely on our traditional jurisdictional base, 28 U.S.C. 1291, since "it is well-settled that orders granting or denying motions for withdrawal of reference are not final," and therefore such orders are "unreviewable under 28 U.S.C. 1291." Id. Given this analysis, National Union's appeal to this Court is cognizable, if at all, as a petition for a writ of mandamus under 28 U.S.C. 1651(a). See Id. at 1133 ("The All Writs Act, 28 U.S.C. 1651(a) empowers [this Court] to issue writs in aid of [its] jurisdiction.").

National Union has not formally sought mandamus relief through the typical channel of filing a petition for mandamus under Fed. R. App. P. 21(a). However, they correctly assert that this Court has previously construed an appeal from a district court's refusal to withdraw a reference to a bankruptcy court as a petition for mandamus, without the formal filing required by Fed. R. App. P. 21(a). See In re; Pasquariello, 16 F.3d at 528; Allegheny International, 920 F.2d at1132. It is important to note that in each of the circumstances in which we had done so, mandamus review was triggered by the appellant's claim that its Seventh Amendment right to a jury trial had been denied. See Allegheny International, 920 F.2d at 1133 ("[d]espite courts' general reluctance to issue writs of mandamus, the Supreme Court has stated that it is 'the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury.'"). Because National Union similarly claims that its Seventh Amendment right to a trial by jury has been denied, based on its claim that a bankruptcy court is not authorized to enter final judgments in "non-core" proceedings, we will review its present appeal as a petition for a writ of mandamus.

A writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power. In re: Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). Thus, two central prerequisites for issuance of the writ are: (1) that petitioner have no other adequate means to attain the desired relief, and (2) that petitioner meet its burden of showing that its right to the writ clear and indisputable. Id. Nevertheless, even when these prerequisites are met, issuance of the writ is largely discretionary. See In Re; Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) ("It is within a court's discretion to refrain from issuing a writ of mandamus even when the requirements for mandamus are technically satisfied; the availability of the writ does not compel its exercise."). Furthermore, the petitioners have the burden of proving that prerequisites for issuance of writ of mandamus are satisfied. Id.

National Union has clearly failed to satisfy its burden to obtain mandamus relief. They first argue that "cause exist[ed]" to withdraw the reference from the Bankruptcy Court because the trustee's Adversary Complaint raised a "non-core matter" for which the Bankruptcy Court lacks the authority to enter a final judgment. App. Br. at 10. However, whether "cause existed" for the District Court to withdraw the reference is clearly not the question before this Court. Rather, National Union has the burden of proving that its right to a writ of mandamus compelling the district court to withdraw the reference is "clear and undisputable" and that no other avenues for relief exist. Nwanze 242 F.3d at 524. National Union offers no evidence that its claim meets these standards. It is unclear why, after having recognized that it would be necessary to convert its appeal to a petition for mandamus in order to establish appellate jurisdiction, National Union would utilize a significant portion of its brief to argue merely that the District Court had "cause" to withdraw the reference. See Exxon Shipping Co. v. Exxon Seaman's Union 73 F.3d 1287, 1296 (3d Cir. 1996) (finding that "the term 'cause' is ambiguous" for the purpose of determinating whether "cause existed" in order to trigger a company's mandatory drug testing requirement).

Additionally, neither court below has made a determination at this stage of the proceedings regarding either the "core/non-core" nature of Eastwind's adversarial complaint nor concerning National Union's related Seventh Amendment right to a jury trial. Rather, in the only reference to any such determination in the record, the Bankruptcy Court explicitly refused to reach the first of these issues at this stage of the proceedings. See App. at 207 (Order of the Bankruptcy Court, denying National Union's Motion for a Stay). In addition, this case is still in the pretrial stage and may be disposed of through any number of pretrial motions or through alternative dispute resolution, which National Union itself moved to compel. App. at 230. Therefore, any petition for mandamus relief at this stage of the proceedings is unquestionably premature. See Allegheny International 920 F.2d at 1134 (refusing to employ the "drastic remedy" of

mandamus relief, notwithstanding an appellant's asserted Seventh Amendment right to jury trial, because a pending pretrial motion might have disposed of the case).

Accordingly, we will dismiss National Union's appeal for lack of appellate jurisdiction. Treating its appeal as a petition for a writ of mandamus, we deny the petition.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/s/ Julio M. F

Circuit Judge