

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# In Re: Berbard S. L

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Berbard S. L " (2008). *2008 Decisions*. Paper 524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-151                                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2964
_____

IN RE: BERNARD S. LEVI,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 07-cv-01839)

_____

Submitted Under Rule 21, Fed. R. App. P.
August 29, 2008

Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: September 17, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Bernard Levi, a prisoner at the Federal Correctional Institution at Allenwood in

White Deer, Pennsylvania, asks this Court to issue a writ of mandamus to force the

disqualification of the Magistrate Judge and District Court Judge presiding over his case

or, in the alternative, to transfer the case to the United States District Court for the

District of Columbia.

Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a clear and indisputable right to issuance of the writ. Id.

The Magistrate Judge denied Levi's 28 U.S.C. § 455 motion to recuse both the District Court Judge and himself. See In re School Asbestos Litig., 977 F.2d 764, 777-78 (3d Cir. 1992) (mandamus is appropriate to challenge a denial of a § 455 motion). Levi, however, has not alleged any valid reason for removing either the Magistrate or District Court Judge. Levi asserts only that the judges are biased against him because he requested (and received) financial disclosure statements on both judges. As evidence of bias, Levi points to the Magistrate Judge's various rulings against him. The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [They] can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal." Liteky v. United States, 510 U.S. 540, 555 (1994).

Levi has also not established that he has a clear and indisputable right to have the case heard in the District of Columbia. It appears that the plaintiff and at least most of the

2

defendants reside in Pennsylvania, and that the actions alleged in the complaint occurred in Pennsylvania.  See generally 28 U.S.C. § 1391(b).

Accordingly, the mandamus petition will be denied.