

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2006

# Adeyeye v. Dept Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

### Recommended Citation

"Adeyeye v. Dept Homeland" (2006). *2006 Decisions.* Paper 722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4588

DAPO ADEYEYE,
                                    Appellant

vs.

DEPARTMENT OF HOMELAND SECURITY,
IMMIGRATION AND CUSTOMS ENFORCEMENT
(DHS/ICE)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-01335)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2006

Before:  FISHER, ALDISERT and WEIS, CIRCUIT JUDGES

(Filed: July 20, 2006)

OPINION

PER CURIAM.

        Dapo Adeyeye appeals the dismissal of his petition for a writ of mandamus

by the District Court for the District of New Jersey.

I.

In 2002, Adeyeye pled guilty to possession with intent to distribute approximately one kilogram of a mixture containing heroin, in violation of 21 U.S.C. § 841, and was sentenced to 120 months imprisonment. Shortly thereafter, the Immigration and Naturalization Service[1] lodged a detainer against Adeyeye for possible removal based on his conviction, which it classified as an aggravated felony.

In 2005, Adeyeye, who is presently serving his federal sentence at the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for a writ of mandamus in the District Court of New Jersey seeking to have the detainer withdrawn. Adeyeye asserted that he had filed two administrative requests to have the detainer lifted, but received no response. Adeyeye alleged that his drug conviction did not constitute an aggravated felony, and that the erroneous classification was depriving him of certain benefits of a minimum security prison. The District Court denied relief finding that Adeyeye had not demonstrated a clear right to relief.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of mandamus relief for abuse of discretion. Arnold v. Blast Intermediate Unit 17, 843 F.2d 122, 125 (3d Cir. 1988).

---

[1] In 2003, the Immigration and Naturalization Service ceased to exist and its functions were transferred to the Department of Homeland Security. See Homeland Security Act, 116 Stat. 2135, Pub.L. 107-296 (2002).

2

A writ of mandamus is a drastic remedy that should only be granted in extraordinary situations. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). A petitioner seeking such relief must show that he has "no other adequate means to obtain the desired relief" and that his right to issuance of the writ is "clear and indisputable." Id. Adeyeye argues that he should not be classified as an aggravated felon because he was not convicted of a violent offense. The Immigration and Nationality Act sets forth numerous types of offenses that may constitute an "aggravated felony", including both "a crime of violence", 8 U.S.C. § 1101(a)(43)(F), and drug trafficking crimes, 8 U.S.C. § 1101(a)(43)(B). Thus, even if Adeyeye was not convicted of a violent offense, he has failed to show that his conviction for possession with intent to distribute does not otherwise constitute an aggravated felony as a drug trafficking crime.[2]

Adeyeye also argues that the Bureau of Prison ("BOP") lacks authority to categorically exclude prisoners subject to removal detainers from the early release incentive provided under the substance abuse program. See 18 U.S.C. § 3621(e)(2)(B). We are not persuaded. We find no basis to question the regulation providing for the categorical exclusion of certain inmates, see 28 C.F.R. § 550.58(a)(1), as a legitimate exercise of the BOP's discretion. See United States v. Lopez-Salas, 266 F.3d 842, 847-48 (8th Cir. 2001).

---

[2] For this reason, Adeyeye's reliance on Leocal v. Ashcroft, 543 U.S. 1 (2004) is misplaced. In Leocal, the petitioner was specifically charged under the "crime of violence" definition of an aggravated felony. See Leocal, 543 U.S. at 4-5.

Accordingly, we find that the District Court did not abuse its discretion in denying relief, and we will therefore affirm.