

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2006

# In Re: Siyi Zhou

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Siyi Zhou " (2006). *2006 Decisions.* Paper 418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-316                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2910
_____

IN RE: Siyi Zhou,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 06-cv-00100)
District Judge: Honorable Clifford Scott Green


_____


Submitted Under Rule 21, Fed. R. App. Pro.
August 31, 2006

Before: BARRY, SMITH AND NYGAARD, CIRCUIT JUDGES

(Filed:    September 25, 2006)

_____

OPINION
_____

PER CURIAM.

        Petitioner Siyi Zhou asks that we issue a writ of mandamus compelling the

United States District Court for the Eastern District of Pennsylvania to correct certain

alleged errors on the docket of his pending case and to direct the Clerk of the Court to

refund him $211.  He has also requested that we order the recusal of the District Judge

presiding over his case as well as vacate the District Court order dismissing his civil action. For the reasons below, we will deny his petition and motion to vacate.

Zhou claims that he is the victim of a criminal conspiracy involving insurance companies, government officials, lawyers, doctors and multiple police departments in Pennsylvania. Since 1992, he has contacted numerous federal law enforcement agencies regarding this conspiracy. In January 2006, Zhou commenced an action in the United States District Court for the Eastern District of Pennsylvania by filing a document titled "Motion to Compel U.S. Attorney General Alberto Gonzales to Accord Victim's Rights and to Provide Victim's Services."[1] (App. D.) Zhou was charged the $250 filing fee and assigned the docket number 06-cv-00100. The document appeared as the second entry on the docket, after the entry "COMPLAINT against ALBERTO GONZALES." Zhou wrote several letters regarding what he regarded as errors on the docket, such as the fact that his motion is treated as a complaint and that his first filing, the motion, appeared at entry number two.

Eventually, on June 8, 2006, he filed this petition for a writ of mandamus. In addition to the correction of the errors that he found in the docket sheet, Zhou requests a refund of $211. He claims that he should not have been charged the $250 filing fee,

---

[1]This document is styled as a motion under 18 U.S.C. § 3771(d)(3) to compel the Attorney General to grant Zhou the protections accorded to crime victims, as listed in § 3771(a); but it also alleges that a series of Attorneys General "deprived Movant of rights secured by the United States Constitution, Amendment 14, Section 1 ("Nor deny to any person within its jurisdiction the equal protection of the laws") and by 42 U.S.C. § 1981 ("Equal rights under the law")." (App. D at 2.)

2

since his "motion to compel" is not a complaint. Rather, he claims that he should only have been charged $39, the miscellaneous fee for "filing or indexing any document not in a case or proceeding for which a filing fee has been paid." United States District Court for the Eastern District of Pennsylvania, "Miscellaneous Fee Schedule" available at http://www.paed.uscourts.gov/documents/notices/fees/fees_m2a.pdf.

Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). A petitioner must show that he has a clear and indisputable right to issuance of the writ, and it will issue only when the party seeking the writ can show that he has no other adequate means to obtain the relief requested. In re Flat Glass Antitrust Litig., 288 F.3d 83, 91 (3d Cir. 2002).

Zhou's "motion to compel" is, for all intents and purposes, a complaint; and it was properly treated as one by the Clerk of the Court. Rather than being defined by its caption, a "complaint" is "[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." BLACK'S LAW DICTIONARY 285 (6th ed.1990). Under 28 U.S.C. § 1914 (a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $250, except that on application for a writ of habeas corpus the filing fee shall be $5." Zhou's "motion" initiated the action in the District Court, stating the basis of his claim and his demand for relief. Since his "motion" was not a petition for habeas

3

corpus, the Clerk of the Court properly assessed the $250 filing fee required by law. Further, we note that there are no material errors on the docket sheet that require the corrections that Zhou requests.

Zhou has supplemented his mandamus petition with a request for the recusal of the District Court judge who is presiding over his case. This request is without merit. A federal judge is required to recuse himself for personal bias or prejudice, or where his impartiality may reasonably be questioned. See 28 U.S.C. §§ 144 and 455. Although he claims that the District Judge is biased against him, Zhou provides no evidence of bias. Zhou merely recites instances when the Judge failed to grant various motions and requests. Based on Zhou's motion and the record of the proceedings below, we see no evidence that the District Judge is biased or that his impartiality may reasonably be questioned. Because Zhou is unable to show that he has a right to the issuance of the writ, his petition is denied.[2]

---

[2]On June 12, the District Court dismissed Zhou's action for lack of jurisdiction. On July 10, Zhou filed a document in this Court, styled as a "Motion to Vacate the District Court Order." Zhou makes clear that he does not want his motion to vacate to be treated as a notice of appeal pursuant to L.A.R. 3.4 and never intended for it to be treated as such. Rather, he wants his motion ruled upon in this Court. Zhou points to 28 U.S.C. § 2106 to argue that an appellate court may "vacate. . . any judgment, decree, or order of a court lawfully brought before it for review." However, because Zhou never filed a notice of appeal of the District Court's order, the order has not been brought before us for review, see Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985), and therefore, we cannot vacate it. Accordingly, his motion is denied.