**In re: David KISSI, Petitioner.**

**No. 09–3425.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R. App. P. Nov. 5, 2009.

Opinion filed Nov. 30, 2009.

David Kissi, Washington, DC, pro se.

James P. Ulwick, Esq., Kramon & Graham, Baltimore, MD, for Respondents.

Before: AMBRO, FUENTES and SMITH, Circuit Judges.

### OPINION

PER CURIAM.

David Kissi, a pro se federal prisoner currently incarcerated in Ohio, filed a complaint in the United States District Court

for the District of Delaware in November 2008. His suit is "derivative of" bankruptcy proceedings that took place in the District Court for the District of Maryland.[1] One of the defendants, DLA Piper, filed a motion to dismiss or in the alternative transfer the case to the District of Maryland. The District Court granted the motion and transferred the case to the District of Maryland. Kissi filed a motion for reconsideration, which the District Court denied. Kissi then appealed and we dismissed his appeal for lack of jurisdiction. *See Kissi v. Pramco II LLC et al.*, C.A. No. 09–1685. Kissi has now filed a petition for a writ of mandamus alleging that the District Court abused its discretion in transferring the case.

We have held that "mandamus is ... the appropriate mechanism for reviewing an allegedly improper transfer order." *In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 378 (3d Cir.2002) (quotation marks and citations omitted). Nevertheless, mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. *In re Nwanze*, 242 F.3d 521, 524 (3d Cir.2001). "Generally, a writ will only issue if the district court did not have the power to enter the order, and then only if the party seeking the writ meets its burden to demonstrate that its right to the writ is clear and indisputable." *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 30 (3d Cir.1993) (internal quotation marks and citation omitted).

The District Court's decision to transfer the complaint to the District of Maryland did not amount to a judicial usurpation of power. The District Court transferred Kissi's complaint because it found that the events giving rise to the complaint occurred Maryland and that none of the Defendants resided in the judicial district of Delaware.[2] *See* 28 U.S.C. § 1391(b) (listing requirements for venue when jurisdiction is not based solely on diversity of citizenship). Inasmuch as venue appears to be proper in the United States District Court for the District of Maryland, Kissi cannot show a clear and indisputable right to the writ. Accordingly, we will deny the petition for a writ of mandamus.

---

1. The Delaware District Court 1 took judicial notice that the United States District Court for the District of Maryland has permanently enjoined Kissi from continuing or instituting in any actions in any federal court that constitute a collateral attack on any order of judgment of the District Court for the District of Maryland. Kissi is required to seek approval prior to the filing of any lawsuit, which he has failed to do.

2. While Kissi argues that some of the Defendants named in his complaint are incorporated in Delaware, the District Court found that all of Kissi's claims related to a bankruptcy filing in Maryland and a federal judge who sits in Maryland. We agree.