**GLD-056**                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3755
_____

IN RE:  MICHELE A. CHRISTIAN; GEORGE H. CHRISTIAN,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 10-cv-00789)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 2, 2010

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: December 13, 2010 )
_____

OPINION
_____

PER CURIAM

Petitioners Michele A. Christian and George H. Christian seek a writ of mandamus

compelling the United States District Court of the Eastern District of Pennsylvania,

among other things, to vacate the order transferring their case to the United States District

Court for the Eastern District of Virginia.  In February 2010, the petitioners filed a civil

complaint in the District Court, asserting that the defendants engaged in fraud and

conspiracy concerning Mrs. Christian's refinancing of a mortgage loan, which was

secured with property owned by the couple. The defendants filed a motion to dismiss the action because of improper venue, or, in the alternative, to transfer venue to the Eastern District of Virginia. The District Court held a hearing on the motion on August 11, 2010. By memorandum and order entered August 25, 2010, the District Court ordered the transfer of the petitioners' suit to the Eastern District of Virginia. The District Court subsequently denied the petitioners' motion to reconsider and ordered that a previously imposed stay of the transfer order be lifted. This mandamus petition followed. The petitioners have also filed a motion for leave to amend their mandamus petition to add additional relief sought and a motion to stay the transfer pending our decision.

Mandamus is the appropriate mechanism to seek review of an allegedly improper transfer order. See Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 30 (3d Cir. 1993). However, a writ of mandamus is a "drastic remedy" that should only be granted in "extraordinary circumstances." In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). Mandamus petitioners must have no other adequate means to obtain the relief desired and must show a "clear and indisputable" right to the writ. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976). See also In re United States, 273 F.3d 380, 385 (3d Cir. 2001) (stating that "mandamus relief will 'rarely if ever' be granted directed to transfer orders" (quoting Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1972))).

The petitioners fall short of demonstrating a clear and indisputable right to the writ. The District Court concluded that venue is not proper in the Eastern District of Pennsylvania because not all the defendants reside in the District, a substantial part of the

2

events giving rise to the complaint occurred in the Eastern District of Virginia, and the action may be brought in the Eastern District of Virginia. See 28 U.S.C. § 1391(b)(1), (2), & (3). In particular, the petitioners did not establish the District Court's personal jurisdiction over at least one of the defendants, and, though the parties disputed precisely where the mortgage note was signed, it was not disputed that it was signed in the Eastern District of Virginia. Moreover, the real property at issue is also located in the Eastern District of Virginia. The petitioners argue that the District Court abused its discretion in ordering the matter transferred, because the District Court should have decided that venue was proper under the nationwide venue provision of the RICO statute, or should have considered the alternative venue in Arizona proposed by the petitioners. They further assert an abuse of discretion in accepting evidence at a hearing on the venue issue. We conclude that the circumstances alleged by the petitioners do not warrant the drastic remedy of mandamus. Inasmuch as venue appears to be proper in the United States District Court for the Eastern District of Virginia, the District Court's decision to transfer the complaint to the Eastern District of Virginia does not amount to a "judicial usurpation of power." In re Nwanze, 242 F.3d at 524.

The petitioners reiterate their objections to various rulings by the District Court and asks us to compel rulings on their motions for clarification and for access to ECF (the electronic filing system). The petitioners may renew their requests to the transferee court. The extraordinary remedy of mandamus is not justified in this situation.

Accordingly, we will deny the mandamus petition. The motion to amend the mandamus petition is granted. The motion to stay the transfer is denied.