**DLD-040**             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3960
_____

IN RE:  KELLEY MALA,
Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Civ. No. 07-cv-00085)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 18, 2010
Before:  BARRY, FISHER AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 29, 2010 )
_____

OPINION
_____

PER CURIAM

      Kelley Mala seeks a writ of mandamus compelling the District Court of the Virgin
Islands to, inter alia, vacate the order transferring his case to the United States District
Court for the District of Puerto Rico.  For the reasons that follow, we will deny the
petition.

I.

      On May 30, 2007, petitioner Kelley Mala filed a civil complaint in the District

1

Court of the Virgin Islands. On September 14, 2010, the District Court, upon motion of the defendants, ordered petitioner Kelley Mala's suit transferred to the United States District Court for the District of Puerto Rico. Mala did not appeal. On September 29, Mala filed a motion asking the District Court to reconsider the order transferring the case and alter, amend, or correct the order pursuant to Fed. R. Civ. P. 60(b)(1). He also filed a motion to alter, amend, or correct under Rule 59(e). The District Court has not issued a ruling on either motion. Mala now asks that we issue a writ of mandamus compelling the District Court to vacate the transfer order pursuant to 28 U.S.C. § 1391(e).

A writ of mandamus is a "drastic remedy" that should only be granted in "extraordinary circumstances." In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Mandamus is the appropriate mechanism to seek review of an allegedly improper transfer order. See Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 30 (3d Cir. 1993).

Mala cannot demonstrate a clear and indisputable right to the writ. The District Court's decision to transfer the complaint to the District of Puerto Rico did not amount to a "judicial usurpation of power." In re Nwanze, 242 F.3d at 524. The District Court transferred Mala's complaint because the defendants reside in different states, a substantial part of the events giving rise to the complaint occurred in Puerto Rico, the witnesses and documents related to the claims are in Puerto Rico, and only one of the

2

defendants (named in the amended complaint) resides in the judicial district of the Virgin Islands.  See 28 U.S.C. § 1391(b); see also 28 U.S.C. § 1406(a).  Inasmuch as venue appears to be proper in the District Court for the District of Puerto Rico, Mala cannot show a clear and indisputable right to the writ.

Accordingly, Mala has not met his burden of showing that his right to issuance of the writ is "clear and indisputable."  As a result, we shall deny his mandamus petition.