**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1288
_____

IN RE: PALANI KARUPAIYAN,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2:22-cv-03083)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 13, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed April 19, 2023 )
_____

OPINION[*]
_____

PER CURIAM

     Palani Karupaiyan petitions this Court for a writ of mandamus pursuant to 28

U.S.C. § 1651.  For the reasons that follow, we will deny in part and dismiss in part the

petition.

     In 2022, Karupaiyan filed a complaint in the District Court for the Eastern District

of Pennsylvania against International SOS, Access Staffing LLC, Kapital Data Corp.,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Karupaiyan Consulting Inc. and several individuals. Karupaiyan later amended his complaint against the same defendants. Karupaiyan brought claims on behalf of himself and his minor children regarding the alleged unlawful termination of his employment and subsequent decision not to rehire him. Because of this, Karupaiyan claimed discrimination in violation of various federal and statutes.

On January 31, 2023, the District Court entered two orders granting the moving defendants' motions to dismiss and dismissed the case against those defendants with prejudice. The District Court concluded that Karupaiyan's claims against the defendants were precluded by the doctrine of *res judicata*. Karupaiyan filed a notice of appeal. See C.A. No. 23-1217. He subsequently filed this mandamus petition, seeking the same relief sought against the defendants in his complaint and the vacatur of the dismissal orders.[1]

Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Karupaiyan must show a clear and indisputable right to the writ and that he has

---

[1] Karupaiyan also seeks mandamus relief on behalf of his two minor children, R.P. and P.P., who are both listed as petitioners. After the Clerk notified him that, as a non-attorney, he cannot represent the interests of his minor children, see Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991), Karupaiyan filed a motion for appointment of counsel or, in the alternative, to appoint him as next friend or guardian ad litem for his minor children. We have repeatedly denied Karupaiyan's motions for such relief in other matters, see C.A. Nos. 23-1303 & 23-1304, and we deny this motion, too, because he has not provided any basis for granting such relief. Accordingly, we will dismiss the request for mandamus relief on R.P. and P.P.'s behalf. Karupaiyan's remaining motions are also denied.

no other adequate means to obtain the relief desired. Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He has failed to make this requisite showing.

To the extent that Karupaiyan seeks an order granting the relief sought in his complaint, he is essentially trying to circumvent the District Court's dismissal of his complaint. Mandamus relief is unavailable because he may challenge the District Court's dismissal order through the normal appeal process. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (noting that, "[g]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal") (citation omitted). For the same reason, Karupaiyan may not seek through mandamus the vacatur of the District Court's dismissal orders.

For the foregoing reasons, we will deny in part and dismiss in part the amended petition for a writ of mandamus.