**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3169

_____

IN RE: SHARIFF BUTLER,
                                        Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to No. 4:23-cv-00859)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on January 25, 2024

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: February 8, 2024)

_____

---

OPINION[*]

---

PER CURIAM

Shariff Butler, a Pennsylvania state prisoner, petitions this Court for a writ of mandamus pursuant to Federal Rule of Appellate Procedure 21 and 28 U.S.C. § 1651 compelling Judge Matthew W. Brann to recuse himself from presiding over Butler's civil action or directing, inter alia, that the matter be transferred to another venue. For the following reasons, we will deny the petition.

In May 2023, Butler filed an action pursuant to 42 U.S.C. § 1983 against various prison officials and corrections officers, as well as the Pennsylvania Department of Labor and Industry, challenging the conditions of confinement at SCI Huntingdon as violative of his constitutional rights. The action, which stems from a fire that allegedly occurred at the prison on January 9, 2021, maintains that the defendants have ignored "fire safety hazards" that put Butler's "life in immediate and imminent danger of death, or risk thereof." ECF No. 1 at 18.

Butler filed a motion to recuse Judge Brann both for actual bias under 28 U.S.C. § 144 and for the appearance of partiality under 28 U.S.C. § 455.[1] In it, he noted that

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Under § 144, a defendant seeking recusal must file an affidavit which sufficiently shows that the judge "has a personal bias or prejudice" against the defendant. Section 455(a) provides that "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Judge Brann had presided over a prior suit that Butler had filed which stemmed in part from a fire that occurred at SCI Huntingdon in February 2019, see M.D. Pa. Civ. No. 4:19-cv-02171 ("2019 action"). During a deposition in that prior case, Butler was questioned about other fires at the prison, including the January 2021 fire; his responses were made part of the record and cited by the defendants in their motion for summary judgment, which was granted. Based on this, Butler argued that Judge Brann had "previous personal knowledge of the disputed evidentiary facts concerning" the 2023 action and, therefore, should recuse himself because of the appearance of bias. ECF No. 16 at 2-5. In addition, Butler cited adverse rulings in the 2019 action as evidence of actual bias. See id. At 5-8. The District Court denied the recusal motion, as well as a motion for reconsideration. Butler then filed this mandamus petition.

Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Butler must show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

To the extent that Butler sought recusal under 28 U.S.C. § 144, the District Court's decision to deny the motion "is reviewable only after final judgment," and cannot be reviewed via a mandamus petition. In re Sch. Asbestos Litig., 977 F.2d 764, 776 (3d Cir. 1992) (citation omitted); see also In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (noting

that, "[g]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal"). However, mandamus is a proper means to obtain review of the denial of a recusal motion filed pursuant to 28 U.S.C. § 455. Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Under § 455(a), recusal is required when a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). We find that Judge Brann did not err by not recusing himself here.

Recusal was not required merely because Judge Brann presided over a prior case involving some of the same evidence and ruled against Butler. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). In support of his bias claim, Butler points only to Judge Brann's prior rulings.[2] But "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir.

---

[2] In his recusal motion, Butler cited Judge Brann's prior rulings in the 2019 action as evidence of bias. We note that his appeal from the District Court's final judgment in that action is pending. See C.A No. 23-1761. In his mandamus petition, he emphasizes Judge Brann's rulings in the 2023 action, which he may challenge on appeal after final judgment in the case. See DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) (noting that a petitioner has an adequate alternative remedy where he may file an appeal).

2000).  Nor do these rulings demonstrate that the District Court exceeded its authority.  Because Butler has failed to point to any facts which would raise a question about Judge Brann's impartiality, recusal is not warranted.[3]

Based on the foregoing, we perceive no basis for granting mandamus relief, and, therefore, we will deny Butler's petition.

---

[3] Butler also seeks an order directing that the matter be transferred outside the Middle District because Judge Brann is the Chief Judge there.  Because he has failed to demonstrate that Judge Brann's impartiality might reasonably be questioned, he has not shown an indisputable right to have the matter transferred.