NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1088
_____

IN RE: RICHARD BOYLE,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Cr. No. 2:17-cr-00197-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 6, 2025

Before: CHAGARES, Chief Judge, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed: November 3, 2025)
_____

OPINION[*]
_____

PER CURIAM

Richard Boyle, a federal prisoner, petitions this Court for a writ of mandamus

pursuant to 28 U.S.C. § 1651. For the following reasons, we will deny the mandamus

petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2019, Boyle was convicted of eleven counts of bank robbery, ten counts of money laundering, and related offenses, and sentenced to 852 months' imprisonment. We affirmed the judgment of conviction and sentence. See United States v. Boyle, 849 F. App'x 325 (3d Cir. 2021) (not-for-publication). In April 2022, Boyle filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, alleging 70 claims for relief. Shortly thereafter, he filed a motion to recuse the District Court judge, alleging bias. The Government filed a response to the § 2255 motion, and, in reply, Boyle sought sanctions against the Government. He also filed a motion for an evidentiary hearing. Absent a ruling on his motions, Boyle filed a mandamus petition in January 2025, alleging undue delay and seeking an order directing the District Court to reassign the case, appoint counsel, and hold an evidentiary hearing.

Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651. Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Boyle would have to show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He cannot make this requisite showing.

First, on July 31, 2025, the Chief Judge of this Court reassigned the underlying matter to the Honorable Mark R. Hornak. Thus, to the extent Boyle seeks reassignment

2

to a different judge, his mandamus petition is moot.  And to the extent he seeks an evidentiary hearing and appointment of counsel, he is not entitled to mandamus relief. He has no indisputable right to either, and, should the District Court eventually deny his requests, he can appeal those decisions after final judgment in his § 2255 proceedings. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (recognizing that mandamus may not be used as a substitute for the regular appeals process).

Finally, regarding Boyle's allegations of undue delay, we may issue a writ of mandamus on the ground that a delay is tantamount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Since the matter was reassigned in July, the District Court has denied without prejudice Boyle's motion for "unconditional discharge," noting that it was duplicative of his pending § 2255 motion.  Also, Boyle has filed a motion to amend his § 2255 motion, and, at the direction of the Court, the Government filed a response, to which Boyle has replied.  Because the matter is now moving forward, we find no reason to grant the "drastic remedy" of mandamus relief.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  We have full confidence that the District Court will ensure that the matter will proceed without undue delay.

Accordingly, the petition for a writ of mandamus will be denied.

3