**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 25-3244
_____

IN RE: MICHAEL ALLEN MOOREFIELD, II,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 2:25-cv-00650)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 18, 2025
Before:  CHAGARES. *Chief Judge*, HARDIMAN and SCIRICA, *Circuit Judges*

(Opinion filed: February 19, 2026)
_____

OPINION*
_____

PER CURIAM

Michael Moorefield, II, proceeding pro se and in forma pauperis, has filed a

petition for a writ of mandamus. For the reasons below, we will deny the petition.

Moorefield filed a complaint in the District Court against the Internal Revenue

Service (IRS), Cynthia Jones, and Gregory Yurich alleging that his wages are being

improperly garnished. On August 12, 2025, a Magistrate Judge issued a Report and

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Recommendation, recommending that the plaintiff's complaint be dismissed with prejudice. Moorefield submitted objections to the report on August 25, 2025.

Moorefield then filed a petition for writ of mandamus requesting that our Court compel the District Court to rule on the Magistrate Judge's Report and Recommendation.[1] On January 15, 2026, the District Court adopted the Magistrate Judge's R & R, and dismissed Moorefield's complaint with prejudice. Moorefield filed a timely notice of appeal.

Since the District Court has ruled on the Magistrate Judge's Report and Recommendation, Moorefield's request that we order the Court to do so is now moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot").  Moorefield claims that he also "raises procedural, jurisdictional, and ministerial issues," C.A. Doc. 6 at 3, but he has not shown that he cannot raise those issues on appeal. *See In re Nwanze*, 242 F.3d 521, 524 (3d Cir. 2001) (recognizing that mandamus may not be used as a substitute for the regular appeals process). with the opinion of the Court.

---

[1] Moorefield also asked us to direct the District Court to vacate its temporary, shutdown-related stay, but the Court already did so, *see* ECF No. 30, so no relief is due.