**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-3227, 19-3228, 19-3322 & 19-3323
_____

IN RE:  PETER DIPIETRO,
                                                          Petitioner

_____

On Petitions for Writs of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 1-19-cv-17014)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 17, 2019
Before:  MCKEE, SHWARTZ, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 30, 2019)
_____

OPINION*
_____

PER CURIAM

　　　Peter DiPietro has filed four petitions for writs of mandamus.  For the reasons that

follow, we will deny the petitions.

　　　In July 2019, DiPietro filed an action in the United States District Court for the

District of New Jersey against the State of New Jersey, the New Jersey Department of

Motor Vehicles, and various New Jersey state and municipal offices, courts, officials, and

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judges. The complaint sought hundreds of millions of dollars in damages for alleged violations of DiPietro's constitutional rights. The complaint included, inter alia, a claim for $165 million against the Gloucester County Superior Court and Superior Court Judge Mary Beth Kramer ("the Gloucester County defendants") for "unlawful detainment and incarceration" in a state proceeding related to child support. It also included claims against "Hamilton Township defendants," including for $20 million each against the Hamilton Township Police Department and Police Officer Christen Mandela for "loss of [DiPietro's] liberties by unlawful detainment," and against the Hamilton Township Municipal Court and Municipal Court Judge Michele Verno for "issuing a void and unenforceable arrest warrant without jurisdiction." In an order entered October 7, 2019, the complaint was dismissed without prejudice and Tierno was provided 30 days within which to amend his complaint.

DiPietro filed four separate documents in this Court entitled "Claim for a Common Law Writ of Procedendo." The Clerk construed them as petitions for writs of mandamus (as we do) and docketed the petitions separately at C.A. Nos. 19-3227, 19-3228, 19-3322 and 19-3323. In the petitions filed in C.A. Nos. 19-3227, 19-3228 and 19-3322, DiPietro seeks orders directing the District Court to grant judgment against the Gloucester County and Hamilton Township defendants, the State of New Jersey and the New Jersey Department of Motor Vehicles. In the petition filed in C.A. No. 19-3223, he seeks an order directing judgment against all of the named defendants in the complaint. In each of his mandamus petitions, he seeks an order for a writ of execution to "seize all bank accounts, property etc." from the defendants to satisfy the judgments. Also, in each

petition and in affidavits accompanying his motions to proceed in forma pauperis, DiPietro complains that the District Judge's impartiality might reasonably be questioned.

Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, DiPietro must show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Moreover, "[g]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (citation omitted). In his mandamus petitions, DiPietro essentially seeks relief that is sought in his related civil action. Because he can challenge the District Court's judgment on appeal from a final order should it not grant relief in his favor on these claims, mandamus relief is not warranted.

With respect to his bias claims, DiPietro has not shown that he is entitled to an order compelling the District Judge's recusal. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004) (noting that a mandamus petition can be a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455). Although he asserts that he has repeatedly filed motions to recuse the District Judge, and that those motions all have been denied, he has not filed such a motion in the related civil action here. In any event, DiPietro's complaints are related to ordinary judicial decision making in his cases over which the District Judge has presided. Mere dissatisfaction with rulings

3

does not warrant recusal.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

Based on the foregoing, DiPietro's mandamus petitions will be denied.