**\*AMENDED ALD-104**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1304
_____

IN RE: PALANI KARUPAIYAN; P.P.; R.P.
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2-21-cv-20796)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 9, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed )
_____

OPINION[*]
_____

PER CURIAM

Palani Karupaiyan petitions this Court for a writ of mandamus pursuant to 28

U.S.C. § 1651. For the reasons that follow, we will deny in part and dismiss in part the

petition.

In 2021, Karupaiyan filed a complaint in the District Court for the District of New

Jersey against 32 defendants, including Infosys BPM, Infosys Americas, Infosys

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Technologies Limited, and Credit Suisse Group, as well as current and former officers and employees of these corporations. In an order entered January 27, 2023, the District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it without prejudice for failing to state a claim for relief. The District Court noted that Karupaiyan previously filed "numerous, substantially similar complaints" against various defendants which were also dismissed on the same basis; the Court admonished Karupaiyan that "any future abuse of legal process might trigger sanctions." ECF No. 9 at 5-6. Karupaiyan filed a notice of appeal. See C.A. No. 23-1153. He subsequently filed this mandamus petition "from the order" dismissing his complaint.[1] Karupaiyan appears to seek the same relief sought against the defendants in his complaint.

Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Karupaiyan must show a clear and indisputable right to the writ and that he has

---

[1] Karupaiyan also seeks mandamus relief on behalf of his two minor children, P.P. and R.P., who are both listed as petitioners. After the Clerk notified him that, as a non-attorney, he cannot represent the interests of his minor children, see Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991), Karupaiyan filed a motion for appointment of counsel or, in the alternative, to appoint him as next friend or guardian ad litem for his minor children. We have repeatedly denied Karupaiyan's motions for such relief in other matters, see C.A. Nos. 21-2560 & 21-3339, and we deny this motion, too, because he has not provided any basis for granting such relief. Accordingly, we will dismiss the request for mandamus relief on R.P. and P.P.'s behalf.

no other adequate means to obtain the relief desired. Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He has failed to make this requisite showing. To the extent that Karupaiyan seeks an order granting the relief sought in his complaint, he is essentially trying to circumvent the District Court's dismissal of his complaint. Mandamus relief is unavailable because he may challenge the District Court's dismissal order through the normal appeal process. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (noting that, "[g]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal") (citation omitted).

For the foregoing reasons, we will deny in part and dismiss in part the petition for a writ of mandamus.[2]

---

[2] Petitioner's motion to add UBS Group AG as a defendant is denied.