HLD-002                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2764
_____

In re:  FLORENCE R. PARKER CHAILLA;
OPTATUS CHAILLA,
                                              Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:24-cv-01961)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 13, 2025
Before:  CHAGARES, Chief Judge, HARDIMAN and SCIRICA, Circuit Judges

(Opinion filed: December 12, 2025)
_____

OPINION[*]
_____

PER CURIAM

     Pro se petitioners Florence R. Parker Chailla and Optatus N. Chailla seek a writ of

mandamus asking us to intervene in their civil action filed in the District Court. We

decline to issue the requested writ.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In November 2024, the Chaillas filed a pro se civil complaint against the Social Security Administration (SSA) Commissioner and other SSA employees for claims arising out of the alleged underpayment of SSA benefits.[1] A few months later, the Chaillas moved for entry of default judgment because of the defendants' failure to respond. Meanwhile, the Chaillas filed other motions, including for clarification, for expedited consideration, to add the acting SSA Commissioner as a defendant, and to seal records.

The Clerk entered default against the defendants. The SSA Commissioner moved to set aside the entry of default and requested dismissal of the complaint due to lack of service. The Chaillas filed more motions, including a motion for sanctions against the defendants because of their alleged failure to comply with court orders and delay in filing a motion to dismiss.

The Magistrate Judge, addressing the request for expedited consideration, notified the parties that the District Court would promptly address the merits of the pending matters, but that it needed to know whether the parties consented to magistrate judge jurisdiction. When the Chaillas did not consent, the case was reassigned to a District Court Judge and referred to the Magistrate Judge. See 28 U.S.C. § 636(b)(1). As for the motion to clarify and to add the acting SSA Commissioner as a defendant, the Magistrate

---

[1] We note that Optatus did not sign the complaint, and that the Magistrate Judge ordered him to sign and file a copy of the complaint with the District Court. It is not clear from the record whether Optatus has done so, but the District Court has not dismissed Optatus as a plaintiff.

Judge issued an order explaining that the new Commissioner was automatically substituted as a defendant in the case. The Magistrate Judge also granted in part the request to seal documents but denied the motion for sanctions.

In September 2025, the Magistrate Judge recommended that the District Court set aside the entry of default against the defendants and dismiss the case, with the exception of the official capacity claim against the SSA Commissioner, for lack of timely and proper service. The parties objected to the report and recommendation, but the District Court has not yet stated whether it will adopt the Magistrate Judge's recommendation.

The Chaillas filed the instant mandamus petition, and several amendments thereof, seeking various forms of relief, including an order compelling the District Court to rule on pending motions, an order compelling the District Court to enter judgment against the defendants, damages, sanctions, and vacatur of all orders issued by the Magistrate Judge.

"The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Labs., 96 F.4th 371, 379 (3d Cir. 2024) (citation modified). To obtain relief, the petitioner must show: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." Id. (citation omitted). And a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

The Chaillas have not shown that a writ of mandamus is warranted here. To the extent that the Chaillas challenge the Magistrate Judge's and the District Court's rulings thus far, they have not shown why they cannot raise the issues on appeal. See Abbott

3

Labs., 96 F.4th at 379; see also In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (recognizing that mandamus may not be used as a substitute for the regular appeals process). To the extent that the Chaillas challenge the District Court Clerk's docket management, we discern no clear abuse of discretion. See Abbott Labs., 96 F.4th at 379.[2] As for the Chaillas' undue delay allegations, the District Court and the Magistrate Judge have ruled on almost all the Chaillas' motions and other requests.[3] We are confident that the District Court will continue to adjudicate the case promptly, including by timely considering the Magistrate Judge's report and recommendation.

We will thus deny the mandamus petition.[4]

---

[2] The Chaillas argue that the District Court Clerk failed to docket their mandamus petition. From the records submitted by the Chaillas, it appears that Florence emailed the petition to the District Court, and a court representative informed her that, because she was an approved e-filer, she needed to file the petition by logging into her PACER account. We discern no clear abuse of discretion in the District Court's management of its docket. But even if we assume that the District Court abused its discretion by failing to docket the petition, the Chaillas have shown no likelihood of irreparable injury here, because we have reviewed the petition and determined that the Chaillas are not otherwise entitled to mandamus relief.

[3] In April 2025, the Chaillas moved to reopen their prior case against the SSA, Chailla v. Commissioner of Social Security Administration, 838 F. App'x 653 (3d Cir. 2020) (per curiam). Although that motion remains pending, we cannot conclude that the delay in deciding the motion warrants the extraordinary remedy of mandamus. See Madden, 102 F.3d at 79. We are confident that the motion will be decided in due course.

[4] The Chaillas' motion for sanctions and motion for an order to show cause or stay the District Court proceedings are denied. Their motion for expedited consideration of the mandamus petition is also denied. The Chaillas' motion to seal the medical imaging report attached to their motion filed on October 20, 2025, is granted, and the Clerk is directed to file that record under seal for 25 years. See 3d Cir. L.A.R. 106.1(a). Their requests to file additional records under seal is granted as follows: the Clerk is directed to file the pathology report filed in this Court on November 18, 2025, as well as the medical and immigration records filed on November 24, 2025, under seal for 25 years. See id.

The Chaillas' motions to expedite travel documents and SSA payments are denied.  To the extent that the Chaillas seek other relief, it is denied.