ALD-130                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1451
_____

IN RE: ANDRE LADIKA; LUISA LADIKA,
Petitioners

_____

On a Petition for Writ of Mandamus to the
United States District Court for the District of New Jersey
(Related to 2:24-cv-10892; 2:25-cv-00760)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 7, 2026
Before: SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed May 20, 2026)
_____

OPINION[*]
_____

PER CURIAM

     Andre and Luisa Ladika have filed a pro se petition for a writ of mandamus asking

us to intervene in their civil actions filed in the District Court.  We will deny the petition.

     The Ladikas initiated two suits in the United States District Court for the District

of New Jersey to appeal the Bankruptcy Court's orders denying them relief related to a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

February 2023 state-court foreclosure judgment issued against them after they defaulted on their home loan. *See* Civ Nos. 2:25-cv-00760, 2:24-cv-10892. In case number 10892, the District Court dismissed the Ladikas' appeal for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine, and entered final judgment against the Ladikas. The Ladikas appealed to our Court, and filed a motion to vacate the judgment, which the District Court denied. In case number 00760, the District Court affirmed the Bankruptcy Court's orders granting Appellees' cross-motion for summary judgment, denying the Ladikas' motion for summary judgment, and denying the Ladikas' motion for reconsideration. The Ladikas appealed, and filed a motion to vacate, which remains pending in the District Court.

On March 6, 2026,[1] the Ladikas filed a petition for a writ of mandamus in our Court, asking that we order the District Court to vacate its orders, adjudicate the Ladikas' debt as satisfied, and remand the matter to Bankruptcy Court "with instructions to follow the plain language of the [Fair Debt Collection Practices Act.]" In a supplement to their petition, the Ladikas ask that we order the District Court and Bankruptcy Court to impose a stay of "all foreclosure, sale, eviction, and collection activity, and stay the April 23, 2026, hearing and all related proceedings, pending the resolution of this Mandamus Petition."

---

[1] The Clerk granted the Ladikas' motion to proceed in forma pauperis on April 30, 2026.

A writ of mandamus is a drastic remedy that is available only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378-79 (3d Cir. 2005). To obtain relief, petitioners must show that they have no other adequate means to obtain relief, that they have a clear and indisputable right to the writ, and that the writ is appropriate under the circumstances. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). The Ladikas have not made that showing here.

To the extent the Ladikas are dissatisfied with the District Court's judgments, they can pursue relief in their pending appeals.[2] *See In re Nwanze*, 242 F.3d 521, 524-25 (3d Cir. 2001). To the extent the Ladikas seek a stay of the April 23, 2026, hearing, that day has passed and the request is therefore moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). To the extent the Ladikas seek to have this Court intervene in a state court foreclosure judgment, we generally lack authority to issue a writ of mandamus to a state court, or to otherwise compel a state actor to perform a state action. *See In re Grand Jury Procs.*, 654 F.2d 268, 278 (3d Cir. 1981); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam). To the extent the Ladikas seek other relief, their unsupported assertions fail to demonstrate that they have an indisputable right to it.

Accordingly, we will deny the petition for a writ of mandamus.

---

[2] C.A. Nos. 26-1783; 26-1212.